**Robert Sterling GEESLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58451.**

Court of Criminal Appeals of Texas,
Panel No. 3.

May 7, 1980.

Rehearing Denied July 9, 1980.

Melvyn Carson Bruder, Dallas, George A. Preston, Denton, for appellant.

Henry Wade, Dist. Atty., John Tatum and David Schick, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of aggravated robbery. The punishment, enhanced by a prior felony conviction, is imprisonment for life.

The appellant contends that the trial court erred in permitting him to represent himself at his trial. Specifically, he contends that his waiver of assistance of counsel was not validly given because the trial court failed to properly determine that he voluntarily and intelligently waived the right to counsel. In order to determine the validity of the waiver we must review the facts of the case.

On September 14, 1976, appellant was indicted for aggravated robbery with an enhancement paragraph charging a prior felony conviction for burglary. On January 5, 1977, the court appointed an attorney to represent appellant. On April 15, 1977, three days before the trial, appellant indicated to the trial court that he wished to represent himself. The reasons for this decision by appellant are not in the record. On April 18 the case was called for trial and the judge engaged in the following colloquy with appellant:

"THE COURT: . . . I want the record to reflect that on Friday last, which would have been April 15th, that I called you down to Court and reminded you that your case was set for trial today, April 18th, and I have been advised by the State that they anticipated being ready, and you and I had a discussion with the respect to your representing yourself, is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: Now, on Friday, I discussed with you some of the problems that might be involved in a person representing himself, and I explained to you on Friday that there is a set of rules with respect to evidence and procedures that govern the trial of a case, and if I recall correctly I told you that a person who does the representing, whether it's a lawyer, or person representing themself is required to follow those Rules of Evidence, and Rules of Procedure. And, by representing yourself, even though you are not trained as a lawyer, that you would be required to follow those Rules of Evidence and proceed. Did I not tell you that?

"THE DEFENDANT: Yes, sir.

"THE COURT: I believe you told me you understood that and you felt you had learned enough about these Rules of Evidence and Procedure from whatever sources you have learned them to be able to follow these rules and represent yourself, is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: Okay now, I guess it's just an abundance of precaution, Mr. Geeslin, the law, it seems gives you the right to do this, and I want you to know that I am not trying to talk you out of it, I guess, that what it really comes down to is, I don't think I have ever presided over a felony trial where a person is going to represent themselves in this serious of a case. I have had experience with people representing themselves in very, very, minor misdemeanors like speeding, and things like that, and I guess the principal is the same, but the punishment is a lot higher. I want to take this opportunity to remind you of a conversation we had Friday, and ask you if this is still what you want to do, and tell you that I stand ready to appoint a lawyer to assist you any time you ask me to. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: As I have stood ready to appoint a lawyer for you all along. In fact, I think the record will show that I did appoint you a lawyer after your original lawyer withdrew, and you asked that that lawyer, the one that I appointed be discharged. Is that not correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: Okay now, I don't think I have the right to not permit you, or to—strike that, let me try it again. You have the right to represent yourself, whether I think you ought to or not, but I want the record to be very clear that it's your decision personally and that any time you need a lawyer to assist you, all you've got to do is say so, and I will recess the trial and I will appoint you a lawyer. But, I do want you to understand that if you are going to undertake to represent yourself, you are bound by the same Rules of Evidence and Proce-dure as the lawyer would be. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: In other words, I'm not able, Mr. Geeslin, to do you any favors, I have to rule for you or against you just like I would if there was a lawyer representing you, and just like I would if you were in fact a licensed lawyer. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Now, sometimes a layman won't fully understand all of these rules, and it puts me in a position of sometimes having to rule in a way—and you might not understand my ruling, and I don't think that the law requires that I can take you aside and explain every ruling to you. So, that's why the law, I think, contemplates there will be a lawyer hanging around at least to help you, so long as you understand that, I don't think we will have any problem, and I'm going to explain to the Jury that your exercising your right to represent yourself, and they are not to hold that against you or hold that for you . . . ."

The trial judge then asked appellant if he had any questions. The appellant asked that the prosecutor turn over any information relating to his innocence and requested a continuance to review that information and "get some of my witnesses here," naming one of his prior attorneys as a prospective witness. The prosecutors informed the court that they had no information relating to appellant's innocence, and the request for a continuance was denied. The trial judge asked appellant if there were any defenses he wanted defined to the jury during voir dire, mentioning several possibilities. The appellant asked that the alibi defense be defined, and this was done.

The trial proceeded through arraignment, selection of the jury, and presentation of the State's case-in-chief. At the beginning of the second day of trial, April 19, the trial court informed the jury that appellant had requested an attorney and that one had been located for him. The court further

explained that appellant's attorney "is new to the lawsuit, he's been in it now about forty-five minutes, or an hour . . . ." At this point in the trial, the State had rested its case and was in the midst of cross-examining the first defense witness. During the remainder of the trial, both appellant and his attorney participated in the examination of the witnesses and both participated in the closing argument to the jury.

 The Sixth Amendment to the Constitution of the United States and Article 1, Section 10 of the Texas Constitution provide that a defendant in a criminal trial has the right to assistance of counsel. This right to counsel may be waived and the defendant may choose to represent himself at trial. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, as the Supreme Court stated in *Faretta* :

> "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits. *Johnson v. Zerbst*, 304 U.S. [458], at 464–465, 58 S.Ct. [1019 at 1023,] 82 L.Ed. 1461, [146 A.L.R. 357]. Cf. *Von Moltke v. Gillies*, 332 U.S. 708, 723–724, 68 S.Ct. 316, [323], 92 L.Ed. 309 (plurality opinion of Black, J.). Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' " *Faretta v. California*, 422 U.S. at 835, 95 S.Ct. at 2541.

 A waiver of the right to counsel will not be "lightly inferred" and the courts will indulge every reasonable presumption against the validity of such a waiver. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). *Trevino v. State*, 555 S.W.2d 750 (Tex.Cr.App.1977).

The prosecution has a heavy burden to demonstrate that a waiver of constitutional rights was made intelligently, knowingly, and voluntarily, particularly when that right was the right to counsel. *Trevino v. State*, supra; *Robles v. State*, 577 S.W.2d 699 (Tex.Cr.App.1979); *Barbour v. State*, 551 S.W.2d 371 (Tex.Cr.App.1977).

 In determining whether a valid waiver of counsel has been made *Faretta* requires and this Court has repeatedly stressed that: (1) the appellant must make a knowing and intelligent waiver, and (2) the appellant must be made aware of the dangers and disadvantages of self-representation. *Goodman v. State*, 591 S.W.2d 498 (Tex.Cr.App.1980); *Renfro v. State*, 586 S.W.2d 496 (Tex.Cr.App.1979). These are two distinct requirements and the trial court must be satisfied as to their existence before allowing a defendant to proceed to represent himself.

 To decide whether a defendant's waiver is intelligent and voluntary the trial court should inquire into the defendant's background, age, education, and experience. *Renfro v. State*, supra; *Lisney v. State*, 574 S.W.2d 144 (Tex.Cr.App.1978). The record must reflect such an inquiry and it should further show that the defendant was informed as to his right to counsel and that he affirmatively waived this right intending to represent himself alone. *Webb v. State*, 533 S.W.2d 780 (Tex.Cr.App.1976); *Thomas v. State*, 550 S.W.2d 64 (Tex.Cr.App.1977). The trial court is not obligated to assess a defendant's technical legal knowledge and such knowledge is not relevant to an assessment of his knowing exercise of the right to defend himself. *Faretta v. California*, supra. Rather, the defendant must show sufficient intelligence to demonstrate a capacity to waive his right to counsel and the ability to appreciate the practical disadvantage he will confront in representing himself. *Trevino v. State*, supra.

 As stated earlier, the trial court is also obligated to insure that the defendant waiving his right to counsel is fully aware of the dangers and disadvantages of

self-representation. As stated in *Webb v. State*, supra, "The trial court should . . . admonish an accused who desires to represent himself regarding the wisdom and the practical consequences of that [desire]." The facts demonstrating the defendant's awareness must affirmatively appear in the record. *Webb v. State*, supra. The defendant should be made aware of the general nature of the offense he is charged with and the possible penalties that may be imposed. *Goodman v. State*, supra; cf. *Maynard v. Meachum*, 545 F.2d 273 (1st Cir. 1976). The defendant should be made aware that there are technical rules of evidence and procedure that he will be obligated to comply with and that he will not be granted any special consideration because of his lack of formal training in law. In short, the defendant must be aware that "he will be on his own in a complex area." *Trevino v. State*, supra.

In the case at bar we first note that the question of the validity of the waiver was not mooted by the entry of defense counsel into the case on the second day of the trial. By the time counsel entered the case, the State had already rested and the defense was well underway. In addition, there are doubts about the quality of representation that can be delivered by counsel howsoever competent after only forty-five minutes to an hour of preparation. If a trial court wishes to insure the continued availability of counsel to a defendant representing himself, the appointment of "standby" counsel may be a wiser choice. Cf. *Wiggins v. State*, 520 S.W.2d 780 (Tex.Cr.App.1975).

Turning to the validity of the waiver in this case, the court failed to make any inquiry into the appellant's age, experience, background, or education. The record fails to reveal other basis for which the trial court could, prior to the trial, determine that the appellant was competent to intelligently and voluntarily waive the right to counsel. There was evidence admitted during the punishment stage showing that appellant had previous experience with criminal proceedings. However, the trial court

and this Court cannot use such hindsight to state that the appellant has validly waived his right to counsel. Furthermore, there was no showing that appellant had ever before waived his right to representation nor was there a finding that his prior experience was sufficient to show capacity for waiver. *Jordan v. State*, 571 S.W.2d 883 (Tex.Cr.App.1978).

Also, the record fails to show that the appellant was made aware of the dangers and disadvantages of self-representation. The trial court only warned the appellant that there were rules of procedure and evidence to be complied with. The trial court had apparently conferred with the appellant in private on the Friday preceding trial as to the difficulties of self-representation but it does not appear that a record of that conference was made and we will not presume what matters were discussed.

Therefore, we find the failure of the record to show that the appellant was adequately warned as to the dangers and disadvantages of self-representation along with the failure to adequately inquire into appellant's capacity to voluntarily and intelligently waive his right to counsel require reversal.

The judgment is reversed and the cause remanded.