St. Paul PERALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–86–00134–CR.

Court of Appeals of Texas,
San Antonio.

May 13, 1987.

Don Killingsworth, San Antonio, for appellant.

Fred G. Rodriguez, Crim. Dist. Atty., Sam Millsap, Jr., Former Crim. Dist. Atty., Mary Kay Delavan, Robert Barrera, Daniel Thornberry, San Antonio, for appellee.

Before BUTTS, DIAL and CHAPA, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for resisting arrest. TEX. PENAL CODE ANN. § 38.03(a) (Vernon 1974). The defendant was charged with resisting arrest in this cause and terroristic threats in a companion case. The charges were tried jointly before a jury. The jury found the defendant not guilty of the terroristic threats charge. The jury found the defendant guilty of the resisting arrest charge and assessed his punishment at one year in jail and a $2,000.00 fine.

In his single point of error, the defendant contends that the trial court erred in allowing him to represent himself in that there was no valid waiver of right to counsel.

On the day the case was called for trial the defendant appeared in court with his appointed counsel. He had previously had two other attorneys appointed to represent him. The defendant requested that his appointed attorney be removed from the case because he had refused to assure the defendant that, in case of a conviction, he would file an appeal in the defendant's behalf. The court explained to the defendant that in the event he was found guilty, the court would consider appointing an attorney to represent him on appeal at that time. The defendant further objected that the attorney should have defended him against the psychiatrist that interviewed him. The court explained that the interview by the psychiatrist was by virtue of an order from the judge, and the attorney had nothing to do with it.

The defendant then stated "I have the right to represent myself in a court of law and that is what I want to do." The court then advised the defendant that he would be giving up valuable consultation in view of the fact that the trial was conducted under specific rules of evidence and procedure. He then asked the defendant if he wanted to proceed by himself. The defendant responded that he felt the case should be dismissed or "the federal department should find out about this case." The judge offered to have an attorney sit with the defendant during the trial and assist him if necessary. The defendant then contended that he had a right to another appointed attorney, and the court advised him that he had already had three appointed attorneys and would not receive another one. The defendant then stated again that he had a right to represent himself in a court of law.

The judge then advised the defendant that he felt he was making a mistake. He cautioned him that if the defendant did not make proper objections at the trial, an appellate court would not consider his objections on appeal. He warned him that he might be convicted on inadmissible evidence and be found guilty because he did not know the rules. He noted that on appeal the defendant would not be able to argue ineffective assistance of counsel. He then asked the defendant if he understood the dangers and disadvantages of representing himself, and the defendant replied that he did. The judge asked him if he was doing this with his "eyes open," and the defendant replied that he was.

The court then established for the record that the defendant's education was through the tenth grade, that his age was 28, that his usual work was in floor covering installation, and that he was mentally competent

but indigent. The court then explained the range of punishment for the offenses charged. Finally, the court inquired "All right. Let me ask again, understanding everything that I have explained to you this morning and this afternoon, do you still insist on representing yourself?" The defendant replied "Yes, sir, Your Honor." The court then dictated the following finding into the record:

> THE COURT: Okay. The Court believes the defendant's waiver of counsel is intelligently and knowingly made for the following reasons: Number one, the report completed by John C. Sparks, Director of Medical Psychiatric Department of Bexar County, Texas, has interviewed the defendant and found him to be competent to stand trial.
>
> Number two, after advising the defendant specifically of what his rights were, that he has a competent understanding of these rights and he was desirous at all times, from this morning to this afternoon, after advising him of his delineated rights in going forward with the court appointed attorney, that he refuses. And the Court has advised him that the Court believes that it is a mistake for him to proceed without appointed counsel and that he has made a voluntary, intelligent and knowing waiver and that he is desirous of pursuing this case this afternoon by himself. Is that correct?

The defendant again replied in the affirmative.

■ Where a defendant is not satisfied with appointed counsel and cannot show adequate cause for appointing a different counsel, he should be required by the court to accept the counsel heretofore appointed. He should not be required to represent himself merely on the basis of his dissatisfaction with appointed counsel in the absence of a voluntary and intelligent waiver of right to counsel. *Renfro v. State*, 586 S.W.2d 496, 499–500 (Tex.Crim.App.1979).

■ But a defendant must be allowed to represent himself if he truly wants to do so, and refusal to allow pro se representation can be error. *Faretta v. California*,

422 U.S. 806, 815, 95 S.Ct. 2525, 2532, 45 L.Ed.2d 562, 570 (1975); *Blankenship v. State*, 673 S.W.2d 578, 582 (Tex.Crim.App. 1984). The record must contain proper admonishments and necessary inquiries so that the trial court may make an assessment of the defendant's knowing exercise of the right to defend himself. *Blankenship*, 673 S.W.2d at 583. If the record fails to show that the court adequately warned the defendant of the dangers and disadvantages of self-representation and fails to show that there was adequate inquiry into the defendant's capacity to voluntarily and intelligently waive the right to counsel, a reversal would be required. *Geeslin v. State*, 600 S.W.2d 309, 313–314 (Tex.Crim. App.1980).

■ To decide whether the waiver is voluntarily and intelligently made the trial court should inquire as to the defendant's age, education, experience, and background. The court should inform the defendant of his right to counsel and the defendant should affirmatively waive the right, intending to represent himself. The trial court does not have to assess the defendant's technical knowledge of law and procedure, but the defendant must show sufficient intelligence to demonstrate his capacity to waive the right to counsel and his ability to appreciate the disadvantages of self-representation. The defendant should be made aware of the general nature of the offense charged and the possible penalties attached thereto. The defendant should further be made aware that there are technical rules of evidence and procedure that he must comply with without special consideration. The trial court must insure that the defendant is fully aware of the dangers and disadvantages of self-representation, and the facts demonstrating this awareness must affirmatively appear in the record. *Id.*

■ We believe this case is a perfect example of a careful trial judge respecting the rights of a criminal defendant in meticulously following the law. We commend the efforts of the judge here and suggest that the record in this case comprises a

textbook of the proper procedure in what is often a difficult situation.

The sole point of error is overruled, and the conviction is affirmed.