milton 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-189-CR





WILLIE ARTHUR MILTON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 39,130, HONORABLE JOE CARROLL, JUDGE



 





PER CURIAM


 Willie Arthur Milton appeals his conviction for aggravated assault, enhanced
(habitual offender) by allegations of prior felony convictions. Tex. Pen. Code Ann. § 22.02
(1989). A jury found him guilty of the offense of aggravated assault and also found him a habitual
offender, assessing punishment at 99 years imprisonment. We will affirm the judgment of
conviction.

 Appellant brings two points of error, contending that the trial court erred (1) in not
properly admonishing appellant before allowing him to represent himself and, (2) in receiving
prejudicial evidence of extraneous offenses.


BACKGROUND


 This cause, 39,130, is a reindictment of cause 38, 725. On April 29, 1990, in
cause 38,725, appellant was admonished concerning self-representation. The court explained that
appellant was charged with aggravated assault by using a deadly weapon, a tree limb, to strike
Debora Deville. The court explained the punishment range for the offense, then read the second
paragraph of that indictment, which apparently contained a repeat offender allegation of a prior
conviction, and explained how this paragraph would increase the range of punishment.

 The court asked appellant if he were asking to represent himself, without an
attorney appointed to represent or assist him. Appellant said that was his request. The court
advised appellant that if he represented himself he would be bound by the rules of evidence and
would receive no special consideration; that he would be bound by the same standard as a trained
lawyer in responding to objections made by the State or when making objections himself. The
court then told appellant that more was involved in presenting a defense than telling his story; for
example, there could be problems acquiring evidence and properly presenting it. The court
warned appellant that if he represented himself a number of harmful things could occur such as
mistakes in presenting evidence or in asking questions that could make damaging evidence
admissible that otherwise could have been excluded.

 Appellant kept acknowledging that he understood. Appellant had filed a motion
with the court labeled "Motion to the Court to Order that Competency Hearing Be Conducted in
the Matter of Self Representation." The motion stated that appellant: could read and speak well;
had 11 years of formal education; had completed his GED; had completed a number of hours from
Clear Lake junior college; had completed an army course as a helicopter mechanic; had previously
had some legal experience in representing himself in criminal law matters by having pro-se
pleadings considered by the court in Milton v. State, 549 S.W.2d 190 (Tex. Cr. App. 1977)
(apparently hybrid representation or representation by counsel on appeal) and participating in
unidentified actions in both state and federal court. Appellant asked for a hearing on this motion
and numerous other pending defense motions. Appellant said that the only assistance he requested
was the appointment of an investigator. He said he was aware of the $500.00 limitation on the
expense of an investigator without prior approval of the court.

 On June 29, 1990, a pretrial hearing was held on the reindictment. The prosecutor
said that the only change was in the enhancement allegations of the indictment which now
contained habitual offender allegations. The trial court asked appellant if he wished to continue
to represent himself which he said he did. Appellant presented various motions such as for
discovery of criminal records and medical reports, which the state said it already had furnished
along with copies of the two pen packets intended to be offered in court that would cover the
enhancement allegations. Appellant presented subpoena requests, a request for additional funds
for an investigator, and a number of other motions: one for discovery of exculpatory evidence;
one to prevent the State from calling his wife as a witness; one to compel the State to elect which
two prior convictions of the three alleged it would rely on, citing "Sec. 12.42(d) V.A.T.C.
Penal"; one to interview the State's witnesses; a motion in limine; an application for habeas
corpus; and, a supplemental motion to quash.

 On July 26, 1990, the court held another pretrial hearing. The court asked
appellant if he wished to proceed without an attorney. Appellant's motion for discovery was
granted, and the following heard: a motion to quash a subpoena; a motion for medical funds; a
petition for habeas corpus; a motion to quash an arrest warrant; a motion to dismiss; a motion for
exculpatory matters; and a motion to compel.

 Prior to trial on August 20, 1990, the court and parties discussed which witnesses
were present and how to schedule them. Appellant presented a motion for the transcription of
prior statements of witnesses which was overruled. The trial court explained voir dire in
appellant's presence. Appellant's motion to shuffle was granted. Appellant made no objections
to any voir dire questions and does not now contend that any objections should have been made.

 On voir dire, appellant did the following: asked whether anyone had a bias against
him because he represented himself; asked whether any bias existed with regard to persons who
used alcohol; discussed the State's burden of proof; discussed justification for using force; asked
whether any member of the panel was related to local law enforcement agents; asked if anyone
had read about the offense in the newspapers; asked if anyone worked for certain medical
facilities; and asked if anyone had a bias as to race.

 At trial, appellant cross-examined Debora Deville, received a copy of her prior
statement and was able to overcome the State's objection to his cross-examination. Appellant took
the next witness on voir dire; made certain objections that were overruled and others that were
sustained. Throughout, appellant made other objections, some of which were sustained. 
Appellant called witnesses in his own behalf, presented a requested charge, had some objections
to the charge sustained, and argued his case. At the punishment stage, appellant called several
witnesses on his own behalf. He made valid objections to the records of prior convictions,
causing the State to make corrections.



SELF-REPRESENTATION



 In point of error one, appellant contends that the trial court erred in not properly
admonishing appellant before allowing him to waive assistance of counsel and represent himself. 
An accused has the right to represent himself. In order to intelligently invoke that right, an
accused must be made aware of the "dangers and disadvantages" of self-representation. Faretta
v. California, 442 U.S. 806, 835 (1975). Although the choice must be knowingly and
intelligently made, it need not be wise. Scarbrough v. State, 777 S.W.2d 83, 92 (Tex. Cr. App.
1989). The defendant's technical legal skill or ability to conduct an adequate defense are not
prerequisites for self-representation. Id. The competence to represent himself is not the issue --rather, the competence to be evaluated is the competence to make the choice to represent himself. 
Id.

 To decide whether a waiver is intelligent and voluntary the court should inquire into
the defendant's background, age, education, and experience. Geeslin v. State, 600 S.W.2d 309,
313 (Tex. Cr. App. 1980); Renfro v. State, 586 S.W.2d 496, 500 (Tex. Cr. App. 1979). The
defendant should be made aware that there are technical rules of evidence and procedure that he
will be obligated to comply with and that he will not be granted any special consideration because
of his lack of formal training in the law. Geeslin, 600 S.W.2d at 314. He should be made aware
of the general nature of the charge and the possible penalties that will be imposed. Id.

 The record shows that the court explained the charge that appellant had assaulted
a person with a tree limb. The record shows that appellant responded that he understood the
charge; he had filed a motion to quash citing the appropriate penal code provisions and attacking
the "deadly weapon" allegation. This motion, as well as many others, show an awareness of
procedural rules. The appellant contends that the court failed to admonish appellant as to the
range of punishment as respects the enhancement allegations of the indictment. The record shows
that the court properly advised appellant respecting the punishment range for the offense itself and
for one enhancement allegation with regard to the first indictment. The record does not show an
explicit admonishment by the court with regard to the habitual offender allegations--however, the
record shows defense motions citing correct authority, showing an awareness of the increased
range of punishment. The court advised appellant that there was more to presenting a defense
than telling his side of the story, and that errors in presenting evidence for example, could allow
otherwise inadmissible matter to be admitted. The record shows that appellant was adequately
advised of the dangers and disadvantages of self-representation, and made a knowing and
intelligent choice to represent himself. We overrule point of error one.



EXTRANEOUS OFFENSES



 Appellant contends that the court erred in receiving prejudicial evidence of
extraneous offenses that occurred prior to the case on trial. Appellant complains of two instances
of the introduction of extraneous offenses.

 The first instance in which the subject of extraneous offenses was brought before
the jury occurred when Officer Kelly of the Killeen Police Department said that he had located
appellant at the city jail and appellant was not in jail on the assault charge for which Officer Kelly
was attempting to arrest him. Appellant objected. The trial court sustained the objection. 
Appellant did not request an instruction to disregard or move for a mistrial. The second instance
occurred when appellant called Officer Kelly and asked him about any prior acquaintance with
appellant. The State, on cross-examination, then asked a question which elicited an answer
revealing that Officer Kelly knew appellant because of previous assault charges. Again,
appellant's objection was sustained. He did not request an instruction to disregard or a mistrial.

 The proper procedure in this situation was for appellant to object; request an
instruction to disregard; and make a motion for a mistrial. Coe v. State, 623 S.W.2d 431, 436
(Tex. Cr. App. 1984). In general, an instruction to disregard cures testimony referring to or
implying extraneous offenses. Id. Here, appellant's objection was sustained. He received all the
relief he requested from the court and no error is preserved for appeal. We overrule point of
error two. 

 We affirm the judgment of conviction.



[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed:  May 8, 1991

[Do Not Publish]