NO. 12-02-00377-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DANNY LEE SMIRL,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 Appellant Danny Lee Smirl appeals his conviction for aggravated assault, for which the jury
assessed his punishment at sixty years in prison. In one issue, Appellant complains that the trial
court erred when it allowed him to represent himself without a knowing and intelligent waiver of his
right to counsel. We affirm.


Background

 Appellant was indicted for aggravated assault for choking a young woman and holding her
at knife-point. The trial court appointed an attorney to defend him. Four days before voir dire was
to commence, Appellant's attorney filed a motion to withdraw. During the hearing on the motion,
defense counsel stated that when he visited his client in jail, Appellant indicated to him that he
wanted another attorney. The court asked Appellant if he did, indeed, wish to have a new attorney
appointed for him, to which he answered affirmatively. Appellant vehemently asserted his desire
for trial counsel to cease representing him. He stated the following in open court:


 I'm just not going to use the man for an attorney. It's that simple. . . . I want something done. I'm
saying-I'm telling you I don't want the man for an attorney. I fired him. . . . You can't force me to
go to trial with somebody who is against me. Plain and simple. Do you understand what I'm saying?
. . . Man (inaudible) express myself and get another attorney.


The trial court denied the motion to withdraw. 

 Defense counsel then filed another motion to withdraw, which was heard before voir dire
began. Appellant's attorney argued that he should be allowed to withdraw not only because
Appellant wished it, but because of Appellant's uncooperative attitude which was hindering his
preparation for trial and which was prohibiting him from assisting Appellant with his defense. The
court stated that it had a policy not to permit withdrawal after the status conference, which had been
held a month and a half before the first motion to withdraw was filed. But defense counsel countered
that he and Appellant had not had a problem until he advised Appellant to take a plea bargain, which
had only occurred ten days earlier. Again the trial court denied the motion to withdraw. 

 After voir dire, but before strikes, the following colloquy occurred:


 DEFENDANT: I need to ask a question. Who is going to classify me as my attorney. He's
representing me and he's telling them to judge me.

 COURT: Sir, I'm not listening to you. I'm telling you something. I'm telling you that you're
not to speak out in the courtroom.

 DEFENDANT: You're telling me I can't defend myself? I'd rather defend myself than have this
attorney defend me.

 COURT: Well, I've appointed Mr. Mills to represent you. Okay? If you want to speak out
in the courtroom, then I'm going to - 

 DEFENDANT: I don't want - 

 COURT: I'm the Judge of this courtroom and I'll have to remove you from the courtroom. 
So I would suggest that you work with your attorney if you have a question.

 DEFENDANT: I'm not going to work with the man. He's not my attorney.


After a recess, the trial court and Appellant had the following discourse:


 COURT: Mr. Smirl, you indicated your desire to represent yourself; is that correct?

 DEFENDANT: I'd rather do that than have this man represent me. I mean, I'd much rather have
you defend me before this man here. . . .

 COURT: I just need to know do you - are you - do you desire to represent yourself?

 DEFENDANT: If necessary, I'd much rather represent myself, yes, sir.

 . . . .

 COURT: So knowing all that, do you wish to represent yourself or not?

 DEFENDANT: Yes, sir, I'd much rather represent myself. If I can't get another counselor, yes, sir.

 COURT: Then you are willing to execute in writing a document which states that you want
to represent yourself?

 DEFENDANT: If necessary, yes, sir.

 COURT: It would be necessary.

 . . . .

 COURT: I'm going to find that your desire to represent yourself is voluntarily and
intelligently made. And I have admonished you about the consequences of
representing yourself, correct, Mr. Smirl?

 DEFENDANT: Yes, sir.

 COURT: This is what you want to do?

 DEFENDANT: Yes, sir, I want to represent myself. I want to tell the truth, the whole truth, nothing
but the truth.


In addition to the oral "waiver" of his Sixth Amendment right to counsel, Appellant executed a
written waiver of that right.

 In the context of the hearings on motions to withdraw and the hearing on Appellant's waiver
of his right to counsel, it is apparent that Appellant wanted the court to appoint another attorney to
represent him. He asserted on several occasions that he would only represent himself "if necessary." 
The question before us, therefore, is whether this constitutes a knowing and intelligent waiver of
Appellant's right to counsel.

 

Standard of Review

 When a defendant requests a change in counsel, a substitution cannot be made so as to
obstruct the orderly procedure in the court or to interfere with the fair administration of justice. 
Webb v. State, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976). A trial court has essentially three
options when confronted with an accused who makes an eleventh hour request for change of counsel. 
Burgess v. State, 816 S.W.2d 424, 428 (Tex. Crim. App. 1991). 


 First, at its discretion the court can appoint, or allow the accused to retain, new counsel. Second,
should the trial court deny new counsel, and the accused unequivocally assert[sic] his right to self-representation under Faretta, persisting in that assertion after proper admonishment, the court must
allow the accused to represent himself. Third, unless the trial court allows new counsel, it must
compel an accused who will not waive counsel and does not assert his right to self-representation to
proceed to trial with the lawyer he has, whether he wants to or not.


Id. at 428-29.

 The seminal decision on the right of self-representation is Faretta v. California, 422 U.S.
806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). In Faretta, the Supreme Court held that a defendant
in a federal or state criminal trial has a right under the Sixth and Fourteenth Amendments to proceed
without counsel when he elects to do so. Id., 422 U.S. at 814, 95 S. Ct. at 2530-31. The right of
self-representation entails a waiver of the right to counsel, since a defendant obviously cannot enjoy
both rights at trial. See Burton v. Collins, 937 F.2d 131, 133 (5th Cir. 1991); see also United States
v. Johnson, 223 F.3d 665, 668 (7th Cir. 2000). 

 While the right to counsel is in force until waived, the right of self-representation does not
attach until asserted. Brown v. Wainwright, 665 F.2d 607, 610 (5th Cir. 1982). In order for a
defendant to represent himself, the request must be "clear and unequivocal," Burton, 937 F.2d at
133, and he must "knowingly and intelligently" forego counsel. Faretta, 422 U.S. at 835, 95 S. Ct.
at 2541. Before the trial court accepts the request, the defendant must be "made aware of the dangers
and disadvantages of self-representation, so that the record will establish that 'he knows what he is
doing and his choice is made with eyes open.'" Id. (quoting Adams v. United States, 317 U.S. 269,
279, 63 S. Ct. 236, 242, 87 L. Ed. 2d 268 (1942)). 

Analysis 

 In the case before us, Appellant requested that the court appoint another attorney to represent
him. The court, in its discretion, denied that request. When the court refused to appoint him another
attorney, Appellant asserted his right to self-representation. The court then admonished Appellant
as follows:


 COURT: That's your right to defend yourself. But do you understand that if you do do that,
you're at a disadvantage because you're not a lawyer? Mr. Mills or any other
lawyer has been to school for a number of years. They know - 

 DEFENDANT: Yes, sir. 

 COURT: Can I finish now? They know the Rules of Court. They know the Rules of
Evidence. They know when to object to matters raised by the State that are
objectionable. They know how to discuss the charge with the Court. They know
how to be persuasive to the jury. You will be at a distinct disadvantage by
representing yourself. Now, I would appoint Mr. Mills to serve as your advisor if
you had a question concerning the law or if you had a question concerning what you
- an issue there that you wanted his opinion on, but you would be representing
yourself and I would discharge him from his professional responsibilities as a
lawyer to represent you, which are onerous responsibilities. And Mr. Mills is a
qualified lawyer. So knowing all that, do you wish to represent yourself or not?

 DEFENDANT: Yes, sir, I'd much rather represent myself. . . .

 . . . .

 DEFENDANT: Okay. I mean, even if I do pick [the jury], is that a proper process for me defending
myself, if I give my testimony and let them base their decision based upon that
testimony?

 COURT: Well, you have a right to represent yourself and you have a right to call yourself as
a witness, if you wish to.

 . . . .

 COURT: You understand, though, if you call yourself as a witness, your testimony can be
impeached and your credibility can be attacked by the State of Texas. 

 DEFENDANT: That's fine. I have no problem with that.

 COURT: Okay. In other words, your prior convictions - 

 DEFENDANT: I have no problem with that. I don't have no assaults on my record.

 COURT: You'll have to pick the jurors. You'll have to use your strikes to pick the jurors. 
Do you think you know how to do that? Mr. Mills - 

 DEFENDANT: Yes, I can. I'll just go off by the District Attorney's process.

 COURT: Then I'm going to go let you prepare the [waiver] document. I think the document
needs to state that he has knowingly and intelligently waived his right to a trial by
jury.

 DEFENDANT: Yes, sir. And I'm competent based upon the psychologicals.

 COURT: And that the Court has admonished him as to the consequences or the risks involved
in waiving his right to - 

 D.A.: Judge, you said he's waived his right to a jury trial.

 COURT: I mean - excuse me. Did I say jury trial? He's waiving his right to an attorney to
represent him at a jury trial.

 . . . .

 COURT: Let's go back on the record. The Court has received a waiver of the Court-appointed attorney for Mr. Smirl and the Court - anything else you want to tell the
Court, Mr. Smirl, about this? Is this what you want to do?

 DEFENDANT: Yes, sir. I just need to ask - I mean, I need - the young lady said she filed an
affidavit of nonprosecution and a statement. Do I get the right to be notified of
those so I can present them to him that I'm going to present those as evidence? 
That's all I need to know concerning the whole thing.

 COURT: Will you show him a copy of the nonprosecution affidavit?

 D.A.: Yes, sir, Judge.

 COURT: I'm going to find that your desire to represent yourself is voluntarily and
intelligently made. And I have admonished you about the consequences of
representing yourself, correct, Mr. Smirl?

 DEFENDANT: Yes, sir.

 COURT: You understand that you face - maybe face a minimum of a 25-year sentence?

 DEFENDANT: Yes sir.

 COURT: This is what you want to do?

 DEFENDANT: Yes, sir, I want to represent myself. I want to tell the truth, the whole truth, nothing
but the truth.

 COURT: And, also, I feel like I need to tell you that there's been some outbursts in court. 
And we need to have an understanding that this is a court of law. And not only will
I expect you to follow the rules of procedure and rules of evidence, but the Court
will expect you to comport yourself as a gentleman in this case and not have any
outbursts. If there are outbursts, I will warn you one time. Then after that, the
Court may hold you in contempt.

 DEFENDANT: Yes.

 COURT: Okay. We understand each other? 



Appellant at all times asserted that he understood what the court was warning him of. He also
demonstrated some knowledge of making strikes, testifying and offering evidence. Further, counsel
referenced Appellant's psychological report, which apparently showed no mental impairment. 

 Citing Geeslin v. State, 600 S.W.2d 309, 313 (Tex. Crim. App. 1980), Appellant contends
that the admonishments were not sufficient because the court did not inquire into Appellant's
background, age, education, and experience. However, the Court of Criminal Appeals has stated that
Faretta does not mandate an inquiry concerning age, education, background or previous mental
health history in every instance where an accused expresses a desire to represent himself. Goffney
v. State, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992). A trial court need follow no "formulaic
questioning" or particular "script" to assure itself that an accused who has asserted his right to self-representation does so with eyes open. Burgess, 816 S.W.2d at 428. It is required only that the
record contain proper admonishments concerning pro se representation and any necessary inquiries
of the defendant so that the trial court may make "an assessment of his knowing exercise of the right
to defend himself." Faretta, 422 U.S. at 836, 95 S. Ct. at 2541; Blankenship v. State, 673 S.W.2d
578, 583 (Tex. Crim. App. 1984). 

 Based upon the trial court's specific and detailed admonishments and Appellant's apparent
understanding of those admonishments and of the trial process, as well as psychological evidence
of his mental health, we hold that Appellant made a clear and unequivocal assertion of his right to
self-representation and a knowing and intelligent waiver of his right to counsel. Accordingly, we
overrule Appellant's sole issue and affirm the judgment of the trial court.


 SAM GRIFFITH 

 Justice


Opinion delivered June 30, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.



(DO NOT PUBLISH)