TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00447-CR







Ex parte Patrick J. Overman







FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY


NO. 23045, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



In January 1989, Patrick J. Overman appeared without counsel in the county court
at law and pleaded guilty to misdemeanor driving while intoxicated. He was adjudged guilty and
sentenced to incarceration for 180 days and a $1000 fine, but imposition of sentence was suspended
and he was placed on probation. In November 2002, Overman applied for a writ of habeas corpus
to set aside this conviction. See Ex parte Schmidt, 109 S.W.3d 480, 483 (Tex. Crim. App. 2003);
Tex. Code Crim. Proc. Ann. art. 11.09 (West 1977). The writ issued and relief was denied. The
issue presented is whether Overman showed himself entitled to habeas corpus relief on the ground
that he was without counsel at the 1989 trial. See Ex parte McCain, 67 S.W.3d 204, 207-10 (Tex.
Crim. App. 2002). We conclude that he did not. Therefore, we will affirm the order denying relief.

There is no dispute that Overman was constitutionally entitled to counsel at his trial. 
See Alabama v. Shelton, 535 U.S. 654, 658 (2002). In this habeas corpus proceeding, Overman had
the burden of proving by a preponderance of the evidence that he was denied this right. See Ex parte
Kimes, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993); Ex parte Adams, 768 S.W.2d 281, 287-88
(Tex. Crim. App. 1989). To meet this burden, Overman had to overcome the recital in the trial
court's 1989 judgment of conviction that "the defendant, after being warned, knowingly and
intelligently waived his right to counsel." Recitations in the judgment are presumed to be correct
and are binding in the absence of direct proof of their falsity. Breazeale v. State, 683 S.W.2d 446,
450 (Tex. Crim. App. 1985) (op. on reh'g).

At the hearing below, Overman testified that he was indigent at the time of his 1989
trial. He said that he was embarrassed and anxious, and just wanted to dispose of the matter quickly. 
He testified that he was advised of his rights by the court and asked if he still wanted to plead guilty,
but he did not remember being offered an attorney. Asked if "they ever indicate[d] to you that they
would pay for an attorney," Overman answered, "They read my rights, and I think the rights say that,
you know, one will be appointed for you if you can't afford one." During cross-examination,
Overman was asked, "You keep saying you were looking to put it behind you, but I haven't heard
you say that you were confused about your rights, you weren't read your rights, you didn't
understand your rights, isn't that correct?" He answered, "I just said yes, yes, yes to everything. And
you know, as I recall when they called me back up to -- to give me the sentence, they read me my
rights and asked me if I still wanted to plead guilty and I said yes." Overman acknowledged that his
plea was voluntary. But he added, "I never waived my rights. I just said I'm pleading guilty."

The court made written findings of fact and conclusions of law. Among other things,
the court found that Overman knowingly and voluntarily pleaded guilty at his 1989 trial; was advised
of his rights before he entered his plea, including the right to an appointed attorney if he could not
afford to employ counsel; and did not request a court-appointed attorney or notify the court that he
was indigent and could not afford an attorney. The court concluded that Overman knowingly and
intelligently waived his right to an attorney as recited in the judgment of conviction.

Overman correctly argues that the right to counsel must be affirmatively waived, and
that a waiver may not be inferred merely from the failure to request an appointed attorney. Oliver
v. State, 872 S.W.2d 713, 715 (Tex. Crim. App. 1994). He also points to the absence of a written
waiver of counsel of the sort prescribed by the code of criminal procedure. See Tex. Code Crim.
Proc. Ann. art. 1.051(g) (West Supp. 2004). Article 1.051(g), however, is not mandatory. Burgess
v. State, 816 S.W.2d 424, 431 (Tex. Crim. App. 1991). (1) A waiver of the right to counsel need not
be in writing to be effective. Id. at 430. The 1989 judgment of conviction recites that Overman
waived his right to counsel, and the only evidence to the contrary is Overman's testimony at the writ
hearing. It has long been held that the defendant's testimony alone is not sufficient to disprove
recitations in the judgment. Disharoon v. State, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985). We
hold that appellant did not meet his burden of proving the absence of a waiver of counsel, and we
overrule point of error two.

In point one, Overman urges that his waiver of counsel was not knowing and
voluntary. Appellant relies on Geeslin v. State, 600 S.W.2d 309, 313 (Tex. Crim. App. 1980), in
which the court said that to decide whether a defendant's waiver is intelligent and voluntary, the
court should inquire into the defendant's background, age, education, and experience. The court
added that the record must reflect such an inquiry and it should further show that the defendant was
informed of his right to counsel and that he affirmatively waived that right. Id. (2)

Geeslin was a direct appeal in which the issue presented was whether the record
reflected a voluntary waiver of counsel. That is not the issue presented in this habeas corpus
proceeding. The 1989 judgment of conviction, which is presumed to be correct, recites that
Overman knowingly and voluntarily waived his right to counsel. Contrary to Overman's argument
to this Court, it was not the State's burden to prove the accuracy of that recital. It was Overman's
burden to overcome the presumption of regularity by direct evidence and prove by a preponderance
of the evidence that this recital was incorrect.

The only evidence Overman cites as proving that he did not knowingly and
voluntarily waive his right to counsel at his 1989 trial is his testimony that he was embarrassed,
nervous, and anxious to have the matter behind him. But he also acknowledged being told that he
had a right to appointed counsel. There is no evidence that appellant did not understand this right
or that his decision to forego it was not made voluntarily. We hold that Overman did not prove by
a preponderance of the evidence that his waiver of counsel was unknowing or involuntary. Point of
error one is overruled.


The order denying habeas corpus relief is affirmed.



 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 1, 2004

Do Not Publish
1. Even if article 1.051(g) were mandatory, the violation of a mandatory statutory requirement
is not, in itself, grounds for habeas corpus relief. Ex parte McCain, 67 S.W.3d 204, 210 (Tex. Crim.
App. 2002).
2. The court of criminal appeals later made it clear that an inquiry concerning the defendant's
age, education, background, and mental health history is not required in every instance where the
accused wishes to waive counsel. See Johnson v. State, 760 S.W.2d 277, 278 (Tex. Crim. App.
1988). There is no set formula for determining whether a waiver of counsel is knowing and
voluntary. Id.