# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-03-00447-CR

**Ex parte Patrick J. Overman**

### FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 23045, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

In January 1989, Patrick J. Overman appeared without counsel in the county court at law and pleaded guilty to misdemeanor driving while intoxicated. He was adjudged guilty and sentenced to incarceration for 180 days and a $1000 fine, but imposition of sentence was suspended and he was placed on probation. In November 2002, Overman applied for a writ of habeas corpus to set aside this conviction. *See Ex parte Schmidt*, 109 S.W.3d 480, 483 (Tex. Crim. App. 2003); Tex. Code Crim. Proc. Ann. art. 11.09 (West 1977). The writ issued and relief was denied. The issue presented is whether Overman showed himself entitled to habeas corpus relief on the ground that he was without counsel at the 1989 trial. *See Ex parte McCain*, 67 S.W.3d 204, 207-10 (Tex. Crim. App. 2002). We conclude that he did not. Therefore, we will affirm the order denying relief.

There is no dispute that Overman was constitutionally entitled to counsel at his trial. *See Alabama v. Shelton*, 535 U.S. 654, 658 (2002). In this habeas corpus proceeding, Overman had the burden of proving by a preponderance of the evidence that he was denied this right. *See Ex parte*

*Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993); *Ex parte Adams*, 768 S.W.2d 281, 287-88 (Tex. Crim. App. 1989). To meet this burden, Overman had to overcome the recital in the trial court's 1989 judgment of conviction that "the defendant, after being warned, knowingly and intelligently waived his right to counsel." Recitations in the judgment are presumed to be correct and are binding in the absence of direct proof of their falsity. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1985) (op. on reh'g).

At the hearing below, Overman testified that he was indigent at the time of his 1989 trial. He said that he was embarrassed and anxious, and just wanted to dispose of the matter quickly. He testified that he was advised of his rights by the court and asked if he still wanted to plead guilty, but he did not remember being offered an attorney. Asked if "they ever indicate[d] to you that they would pay for an attorney," Overman answered, "They read my rights, and I think the rights say that, you know, one will be appointed for you if you can't afford one." During cross-examination, Overman was asked, "You keep saying you were looking to put it behind you, but I haven't heard you say that you were confused about your rights, you weren't read your rights, you didn't understand your rights, isn't that correct?" He answered, "I just said yes, yes, yes to everything. And you know, as I recall when they called me back up to — to give me the sentence, they read me my rights and asked me if I still wanted to plead guilty and I said yes." Overman acknowledged that his plea was voluntary. But he added, "I never waived my rights. I just said I'm pleading guilty."

The court made written findings of fact and conclusions of law. Among other things, the court found that Overman knowingly and voluntarily pleaded guilty at his 1989 trial; was advised of his rights before he entered his plea, including the right to an appointed attorney if he could not

2

afford to employ counsel; and did not request a court-appointed attorney or notify the court that he was indigent and could not afford an attorney. The court concluded that Overman knowingly and intelligently waived his right to an attorney as recited in the judgment of conviction.

Overman correctly argues that the right to counsel must be affirmatively waived, and that a waiver may not be inferred merely from the failure to request an appointed attorney. *Oliver v. State*, 872 S.W.2d 713, 715 (Tex. Crim. App. 1994). He also points to the absence of a written waiver of counsel of the sort prescribed by the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 1.051(g) (West Supp. 2004). Article 1.051(g), however, is not mandatory. *Burgess v. State*, 816 S.W.2d 424, 431 (Tex. Crim. App. 1991).[1] A waiver of the right to counsel need not be in writing to be effective. *Id.* at 430. The 1989 judgment of conviction recites that Overman waived his right to counsel, and the only evidence to the contrary is Overman's testimony at the writ hearing. It has long been held that the defendant's testimony alone is not sufficient to disprove recitations in the judgment. *Disharoon v. State*, 687 S.W.2d 332, 334 (Tex. Crim. App. 1985). We hold that appellant did not meet his burden of proving the absence of a waiver of counsel, and we overrule point of error two.

In point one, Overman urges that his waiver of counsel was not knowing and voluntary. Appellant relies on *Geeslin v. State*, 600 S.W.2d 309, 313 (Tex. Crim. App. 1980), in which the court said that to decide whether a defendant's waiver is intelligent and voluntary, the court should inquire into the defendant's background, age, education, and experience. The court

---

[1]    Even if article 1.051(g) were mandatory, the violation of a mandatory statutory requirement is not, in itself, grounds for habeas corpus relief. *Ex parte McCain*, 67 S.W.3d 204, 210 (Tex. Crim. App. 2002).

added that the record must reflect such an inquiry and it should further show that the defendant was informed of his right to counsel and that he affirmatively waived that right. *Id.*[2]

*Geeslin* was a direct appeal in which the issue presented was whether the record reflected a voluntary waiver of counsel. That is not the issue presented in this habeas corpus proceeding. The 1989 judgment of conviction, which is presumed to be correct, recites that Overman knowingly and voluntarily waived his right to counsel. Contrary to Overman's argument to this Court, it was not the State's burden to prove the accuracy of that recital. It was Overman's burden to overcome the presumption of regularity by direct evidence and prove by a preponderance of the evidence that this recital was incorrect.

The only evidence Overman cites as proving that he did not knowingly and voluntarily waive his right to counsel at his 1989 trial is his testimony that he was embarrassed, nervous, and anxious to have the matter behind him. But he also acknowledged being told that he had a right to appointed counsel. There is no evidence that appellant did not understand this right or that his decision to forego it was not made voluntarily. We hold that Overman did not prove by a preponderance of the evidence that his waiver of counsel was unknowing or involuntary. Point of error one is overruled.

---

[2] The court of criminal appeals later made it clear that an inquiry concerning the defendant's age, education, background, and mental health history is not required in every instance where the accused wishes to waive counsel. *See Johnson v. State*, 760 S.W.2d 277, 278 (Tex. Crim. App. 1988). There is no set formula for determining whether a waiver of counsel is knowing and voluntary. *Id.*

The order denying habeas corpus relief is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:  July 1, 2004

Do Not Publish

5