

# In the Court of Criminal Appeals of Texas

---

No. PD-0590-21

---

NOEL CHRISTOPHER HUGGINS, *Appellant*

v.

THE STATE OF TEXAS

---

On Appellant's Petition for Discretionary Review
From the Tenth Court of Appeals
Hill County

---

YEARY, J., filed a dissenting opinion.

We granted discretionary review in this case to address essentially two questions: 1) whether the trial court should have admonished Appellant of the dangers and disadvantages of self-representation on the two occasions in which it accepted his waivers of the right to counsel, and 2) whether the trial court erred in rejecting his

attempt to withdraw his waiver of counsel at the outset of his jury trial (which quickly turned into a guilty-plea hearing before the court). Appellant contends that he was authorized to withdraw his waiver of the right to counsel under Article 1.051(h) of the Texas Code of Criminal Procedure.[1] I agree with the Court's disposition of the first issue, for different reasons than the Court gives. But I disagree with the Court's disposition of the second issue, and I therefore respectfully dissent.

## I. THE RELEVANCE OF *FARETTA* ADMONISHMENTS

On the appointed date of trial, with a jury venire waiting in the hallway, and without counsel, Appellant informed the trial court that he wished to change his plea to guilty. During pretrial proceedings, Appellant had already executed two written waivers of his right to counsel. I am inclined to agree with the Court that both waivers were voluntarily and knowingly rendered. But shortly before voir dire was to begin, Appellant informed the trial court that he wished to change his plea, and then he also informed the trial court that he wished to have the assistance of counsel after all. The trial court refused to allow him to withdraw his earlier waiver of counsel.

I do *not* agree with the Court that it was unnecessary for the trial court to admonish Appellant of the dangers and disadvantages of self-representation before Appellant's earlier waivers could be regarded as valid—at least not for the reason the Court articulates. The Court seems to say that admonishments were not necessary because Appellant was

---

[1] The bulk of the Court's opinion today is devoted to setting out the facts and procedural posture of this case. I will not reiterate that extensive background information here.

*already* aware of those dangers and disadvantages by the time of his guilty plea—regardless of whether the trial court had ever advised him of them. Majority Opinion at 18. Assuming that a self-representation admonishment would be required *at all* under these circumstances,[2] that requirement could not be satisfied by Appellant's *experience* of earlier pretrial *events*.[3] To whatever extent the stage and attending circumstances of a given case suggest that an accused must be admonished of the dangers and disadvantages of self-representation, *see Iowa v. Tovar*, 541 U.S. 77, 92 (2004),[4] it is up to the trial court judge to

---

[2] The court of appeals held that there was no admonishment requirement because Appellant pled guilty, and such admonishments only apply when guilt is contested. *Huggins v. State*, 627 S.W.3d 549, 552 (Tex. App.—Waco 2021). Although we granted discretionary review at least in part to address this aspect of the court of appeals' reasoning, the Court avoids doing so today—as, admittedly, do I. The difference is that my reasoning obviates the court of appeals' rationale, while I do not think the Court's does.

[3] In *Geeslin v. State*, 600 S.W.2d 309 (Tex. Crim. App. 1980), this Court evaluated the trial court's inquiry into the validity of the appellant's waiver of counsel. In finding the trial court's inquiry to be lacking, the Court determined that "the court failed to make any inquiry into the appellant's age, experience, background or education." *Id*. at 314. The Court also observed: "[N]or was there a finding that [the appellant's] prior experience was sufficient to show a capacity for waiver." *Id*. But the Court then went on to independently inquire whether the appellant "was made aware of the dangers and disadvantages of self-representation." *Id*. This suggests to me that the Court is mistaken today to believe that an accused's prior experience can serve to validate his waiver of the right to counsel even though he has not *also* been adequately admonished under *Faretta. See Johnson v. State*, 614 S.W.2d 116, 118 (Tex. Crim. App. 1981) (panel op. on orig. submission) ("We stated in *Geeslin* that informing the accused of the dangers and disadvantages is a distinct requirement.").

[4] "[T]he information a defendant must have to waive counsel intelligently will depend, in each case, upon the particular facts and circumstances surrounding the case." *Tovar*, 541 U.S. at 92 (internal quotation marks and citations omitted).

sufficiently admonish the accused in order to assure that the record reflects that he makes his choice to represent himself "with eyes open." *Faretta v. California*, 422 U.S. 806, 835 (1975); *see Collier v. State*, 959 S.W.2d 621, 626 n.8 (Tex. Crim. App. 1997) ("The record must reflect that the trial court thoroughly admonished the defendant.").

Nevertheless, I too ultimately reject Appellant's premise that *Faretta* admonishments were required when the trial court ultimately compelled him to represent himself against his will—at the guilty plea proceeding and then the punishment hearing. By that time, Appellant was no longer insisting that he be allowed to represent himself. In fact, quite the opposite. He was trying to withdraw his earlier waiver of the right to counsel and obtain legal representation. The right to self-representation was no longer on the table; the trial court was requiring Appellant to represent himself. It was forcing Appellant to proceed in the absence of counsel, on the basis of his earlier waivers, notwithstanding Appellant's change of heart. *Faretta* is therefore inapposite.[5]

This case instead devolves into a question of Appellant's right, if any, to revoke his previous waiver and reassert his right to counsel. In Texas, that question is controlled by Article 1.051(h). *See Tovar*, 541 U.S. at 94 ("We note, finally, that States are free to adopt, by statute,

---

[5] All the harm that Appellant asserts he suffered because of the trial court's failure to let him withdraw the waiver of his right to counsel occurred from the point of the guilty plea forward, including the punishment hearing. Appellant's Brief at 23−24. By that time, the jury venire had been dismissed, and Appellant was no longer asserting his constitutional right to self-representation.

rule, or decision any guides to the acceptance of an uncounseled plea they deem useful."). In my view, the Court's opinion engrafts a limitation upon the scope of the statute that finds no basis in its text.

## II. PROPER CONSTRUCTION OF ARTICLE 1.051(h)

Article 1.051(h) reads, in its entirety:

> (h) A defendant may withdraw a waiver of the right to counsel at any time but is not entitled to repeat a proceeding previously held or waived solely on the grounds of the subsequent appointment or retention of counsel. If the defendant withdraws a waiver, the trial court, in its discretion, may provide the appointed counsel 10 days to prepare.

TEX. CODE CRIM. PROC. art. 1.051(h). "[A]t any time" would presumably include before voir dire, or even before the entry of a guilty plea in front of a trial judge while a jury venire is waiting in the hallway, as happened here.

It is true that a defendant will not ordinarily be "entitled" to redo any part of the proceedings that have already occurred, or that he previously waived, while he was without counsel—the statutory withdrawal of his waiver of counsel operates, in other words, prospectively only. The defendant will therefore be stuck with the results of his prior decision to proceed without counsel, without recourse. But, by the literal terms of the statute, he "may" withdraw his waiver, and therefore *must* be allowed to proceed *prospectively* with the assistance counsel—from "any" point in "time" at which he chooses to revoke his earlier waiver. The face of the statute identifies no other condition or qualification, not even implicitly.

Moreover, as even the State Prosecuting Attorney (SPA)

recognizes in its brief to this Court, at least "[c]olloquially speaking, 'at any time' is fairly understood to imply something [that] can take place at one's convenience, without limitation *and regardless of the circumstances*." State's Brief on the Merits at 27–28 (emphasis added). Without any other express language of limitation in the statute itself, I fail to see why this understanding, however "colloquial" it may be, would not carry the day: A defendant "may" withdraw his waiver of counsel "at any time," and therefore obtain prospective assistance of counsel from that point on, without regard to the circumstances attending his withdrawal. As far as I am concerned, if the Legislature meant for the statute to operate otherwise, it could have said so expressly.

The Court says the opposite: "If it had meant to allow a defendant to withdraw his waiver of counsel under any circumstances, the Legislature would have said so." Majority Opinion at 20. I am not sure where this presumption comes from.[6] Perhaps the Court's attempt to justify it may be found in its claim that the "plain language" of the statute "promotes the efficient administration of justice and prevents delay, but Appellant's interpretation would sometimes sacrifice these goals for the sake of indulging a defendant's vacillations." *Id*. at 19. The

---

[6] The Court also says: "The statute says, 'at any time' and not 'under any circumstances.'" Majority Opinion at 19. But neither does the statute say, "at any time but only if the circumstances warrant." In the absence of any reference at all to the circumstances under which a defendant may withdraw his waiver of counsel "at any time," I cannot fathom why the default would be to engraft judicially fashioned language of limitation upon what is otherwise broad language, albeit as understood "colloquially." It suggests to me the elevation of the will of the Court in authoritativeness above the apparent will of the Legislature. And that explains in plain terms my reluctance to go along with it.

only language from Article 1.051(h) that speaks to "the efficient administration of justice" or the prevention of "delay," however, is the clause that bans retroactive operation of a withdrawal, preventing the repeat of earlier, uncounseled proceedings. Other than *this*, the statute does not speak to "the efficient administration of justice" or the prevention of "delay"—*at all*, much less *plainly*.

The notion that an unfettered permission to withdraw a previous waiver of the right to counsel should be avoided because of the potential it may *otherwise* have to clog the gears of justice is just a judicial invention. It comes from court pronouncements about the acceptable tolerances of the constitutional right to counsel,[7] or from court

---

[7] As the Court observes, Majority Opinion at 2−3, the court of appeals in this case relied upon *Medley v. State*, 47 S.W.3d 17 (Tex. App.—Austin 2000), to adopt a rule imposing a burden on a defendant attempting to withdraw his waiver of his right to counsel to show that reinstating counsel would not 1) disrupt court business, 2) cause unnecessary delay or inconvenience to witnesses, or 3) prejudice the State. *Huggins*, 627 S.W.3d at 554−55; *see also Calamaco v. State*, 462 S.W.3d 587, 592 (Tex. App.—Eastland 2015, pet. ref'd) (adopting *Medley*). *Medley*, in turn, borrowed this burden from this Court's opinion in *Marquez v. State*, 921 S.W.2d 217 (Tex. Crim. App. 1996) (plurality opinion). But *Marquez* involved a withdrawal of a waiver of the right to a jury trial. Waiver of the right to jury trial is governed by Article 1.13 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 1.13. The statute at issue in this case does not address the *withdrawal* of a waiver of the right to jury trial at all. Thus, the Court improvises here in the absence of express statutory guidance. But withdrawal of a waiver of the right to counsel is expressly addressed in Article 1.051(h), and we have no call to improvise.

In its own analysis today, the Court does not follow the court of appeals' lead by relying upon *Medley*. Instead, the Court cites two cases, *Culverhouse v. State*, 755 S.W.2d 856 (Tex. Crim. App. 1988), and *Webb v. State*, 533 S.W.2d 780 (Tex. Crim. App. 1976), for the proposition that a defendant may not manipulate his right to self-representation in such a way as to obstruct orderly procedure and fair administration of justice. Majority Opinion at 20. Both cases were tried before the effective date of Article 1.051(h), however, and neither purports to construe its terms. *See* Acts 1987, 70th Leg., ch. 979, §§ 1, 5, pp.

construction of other statutes (*not* Article 1.051(h)) that contain language expressly imposing circumstantial restrictions.[8] Majority Opinion at 19−21. But, aside from Article 1.051(h)'s explicit ban on a retroactive withdrawal of the waiver of counsel, nothing in *its* language invites such judicial invention or intervention, either plainly or implicitly.

Nor would it be inherently absurd for the Legislature to craft a statute that is so solicitous of a constitutional right, as Article 1.051(h) on its face seems to be. Beyond any delay or inefficiency that may be inherent in allowing a defendant to *retroactively* withdraw a waiver of counsel—which is *expressly* banned by Article 1.051(h)—the Legislature may well have been unconcerned with the potential for judicial inefficiency or delay. Indeed, for all we can tell from the language it chose, the Legislature prized the right to counsel over every other consideration. Our job as jurists is to implement the Legislature's policy choice, regardless of whether we agree with it; *not* to tinker with it according to our own notions of courtroom efficiency.

Because the Court does not, I respectfully dissent.

**FILED:**                                                    September 6, 2023
**PUBLISH**

---

3322, 3324, eff. Sept. 1, 1987. Both cases purport to ground their holding on constitutional principles, not statutory language.

[8] The Court cites two statutes: TEX. CODE CRIM. PROC. art. 29.02, and TEX. CODE CRIM. PROC. art. 45.058(e). Majority Opinion at 19−20. The former statute contains an explicit circumstantial element: "at any time *on a showing of good cause*[.]" Article 1.051(h) includes no "good cause" limitation nor any other such element. The second statute explicitly prohibits a certain thing "under any circumstances[.]" There is simply no comparable language addressing any limitation based on "circumstances" in Article 1.051(h).