*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★

**OPINION**

No. 04-07-00461-CR

Jose Alberto **FERNANDEZ**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2006-CRP-000414-D1
Honorable Jose A. López, Judge Presiding[1]

Opinion by: Phylis J. Speedlin, Justice

Sitting: Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed: February 25, 2009

REVERSED AND REMANDED

Jose Alberto Fernandez, Jr. appeals his conviction for evading arrest, asserting the trial court erred in permitting him to represent himself at trial without the proper admonishments and without a valid waiver of the right to counsel. We reverse the trial court's judgment and remand for a new trial.

---

[1] The relevant proceedings in this case occurred during the tenure of two different trial judges, the Honorable Manuel R. Flores and the Honorable Jose A. López. The judgment is signed by the Honorable Jose A. López.

## BACKGROUND

On the evening of February 18, 2006, Fernandez was involved in an altercation at a bar. Upon responding to a "fight in progress" call, the police discovered that Fernandez had already left the bar. Fernandez was driving toward his home when two patrol cars began following him with their lights and sirens turned on. Fernandez continued driving for approximately fourteen blocks until he pulled into his driveway. The officers forcibly removed Fernandez from his car and arrested him. He was charged with evading arrest with a vehicle, a state jail felony, among other offenses. A jury trial was held on the evading arrest charge. Fernandez represented himself during trial, with the assistance of standby counsel. Fernandez testified and admitted seeing the police cars following him with their lights and sirens on, but offered several explanations for why he chose not to stop and continued driving to his home. The jury convicted Fernandez of evading arrest with a vehicle and he received a one-year sentence which was probated for four years.[2]

## ANALYSIS

On appeal, Fernandez's main complaint is that he did not knowingly and voluntarily waive his right to counsel because the trial court failed to sufficiently admonish him of his right to counsel and the disadvantages and dangers of self-representation. Because we conclude that this issue is dispositive of the appeal, we need not address Fernandez's other appellate issues.

The right to be represented by counsel at a criminal trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution. U.S. CONST. amend. VI, XIV; *see Faretta v. California*, 422 U.S. 806, 807 (1975); *see also Williams v. State*, 252 S.W.3d 353, 355-56

---

[2] The trial court's written judgment erroneously recites that "defendant appeared in person with [c]ounsel." That recital in the judgment is rebutted by the record which affirmatively shows that Fernandez represented himself during all phases of trial.

(Tex. Crim. App. 2008). Therefore, an indigent defendant is entitled to be represented by appointed counsel, unless the defendant competently, intelligently, and voluntarily waives the right to counsel. *Williams*, 252 S.W.3d at 356 (citing *Gideon v. Wainwright*, 372 U.S. 335, 340-45 (1963)); *see* TEX. CODE CRIM. PROC. ANN. art. 1.051 (Vernon Supp. 2008). The Texas statute, consistent with the Sixth Amendment's requirements, imposes a duty on the trial judge to conduct an inquiry, as may be necessary under the circumstances of the case, into whether the defendant desires and is eligible for the appointment of an attorney. *Oliver v. State*, 872 S.W.2d 713, 715-16 (Tex. Crim. App. 1994).

The Sixth Amendment also contains the reciprocal right to self-representation, but that right does not attach until it is clearly invoked by the defendant. *Faretta*, 422 U.S. at 818-20, 835; *Williams*, 252 S.W.3d at 356. When a defendant clearly and unequivocally asserts his right to represent himself, the trial court must admonish the defendant about the dangers and disadvantages of self-representation. *Faretta*, 422 U.S. at 835 (upon invocation of the right of self-representation, a defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open'"); *see* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (Vernon Supp. 2008) (stating that the court "shall advise the defendant of the nature of the charges against [him] and, if the defendant is proceeding to trial, the dangers and disadvantages of self-representation"). The trial judge must inform the defendant "that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his *pro se* rights." *Williams*, 252 S.W.3d at 356 (quoting *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988)). The trial judge is not required to conduct a formulaic inquiry into the defendant's age, education, background, and mental health history in every instance, but the record must contain the proper admonishments

concerning *pro se* representation and any necessary inquiries so that the trial court may assess the defendant's knowing exercise of the right to self-representation. *Goffney v. State*, 843 S.W.2d 583, 584-85 (Tex. Crim. App. 1992) (citing *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984)). The trial judge is responsible for determining whether the defendant's waiver of the right to counsel is knowing, intelligent, and voluntary. *Williams*, 252 S.W.3d at 356. Just because a defendant represents to the trial court that he is informed of his right to counsel, and desires to waive it, does not end the trial court's responsibility. *Blankenship*, 673 S.W.2d at 583.

Given the fundamental nature of the right to counsel, courts indulge every reasonable presumption against the validity of a waiver of counsel. *Williams*, 252 S.W.3d at 356. In assessing whether a waiver is effective, courts consider the totality of the circumstances of the case, "including the background, experience, and conduct of the accused." *Id.* The State bears a heavy burden to demonstrate that the defendant intelligently, voluntarily, and knowingly waived his constitutional right to either retained or appointed counsel. *Trevino v. State*, 555 S.W.2d 750, 751 (Tex. Crim. App. 1977) (citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

Here, the record shows that Fernandez clearly asserted the right to represent himself. What the record does *not* show, however, is that Fernandez received the proper admonishments from the trial court, and that he knowingly and intelligently waived his right to counsel. We will briefly summarize the relevant portions of the record.

Fernandez first expressed a desire to represent himself at his June 22, 2006 arraignment, at which time the discussion between Fernandez and the trial judge was limited to whether he could remain out on his current bond if the attorney who signed the bond was no longer representing him.

Another attorney present in the courtroom offered to sign a new bond for Fernandez, and the court

agreed to allow Fernandez to remain free on bond. No admonishments were given at that time.

At an October 12, 2006 pretrial hearing, Fernandez again stated that he wanted to represent

himself and presented a *pro se* document entitled "Defendant['s] Request for Self Representation,"

which he signed and filed with the court.[3] At the time Fernandez presented that signed document,

the trial court had not given him any admonishments about his right to appointed counsel if he was

indigent, the nature of the charge against him, or the dangers of self-representation. After Fernandez

presented the signed waiver, the trial judge simply stated, "all right," and then proceeded to again

discuss Fernandez's release on bond, ultimately permitting him to sign a $1,000 personal

recognizance bond. The trial court then asked Fernandez whether he wanted to "keep" his attorney

or "fire him," referring to the attorney who had offered to sign a new bond and was present with

Fernandez. Fernandez responded that the attorney had been fine, but that he could not afford to hire

him. When the attorney replied, "I told him that wasn't an issue," the court asked whether the

attorney wanted to "stay on *pro bono*?" Fernandez interjected, "No. No. No. No. I need zeal, and

zeal costs something. It's not for free." The trial judge did not inquire into Fernandez's indigency,

and did not advise Fernandez that he had a right to counsel, and that if he could not afford to hire an

---

[3] The document is addressed to the trial judge and states as follows:

In The Texas Code of Criminal Procedure ART. § 1.051 rights to representation by council [sic]. (1) a defendant may voluntarily and intelligently refuse right to council [sic].

WHEREFORE, I, JOSE A FERNANDEZ, knowingly, willingly and intelligently refuse the right to council [sic]. I understand that the legal system is a very complex and almost esoteric philosophy – physical/metaphysical, science/art, objectivity/subjectivity; that few people understand and that you are required to discourage me from representing myself, that you are required to make me aware of the complicated mechanics of "THE LAW."

THE ABOVE NOT WITHSTANDING, I still insist in representing myself.

attorney, he had the right to have counsel appointed. The court did not clarify that appointed counsel means the attorney is compensated by the county instead of by Fernandez, not that the attorney is working "for free," or *pro bono.* Instead, the judge stated, "I understand . . . but you need a lawyer." Fernandez replied, "I know, sir, but this is a very simple case, and I want to go to jury trial. It's either they believe me or they don't." At that point, the trial court gave a very limited admonishment on the dangers of self-representation, stating, "And I understand that, but there's Rules of Evidence that have to be applied. You may not be able to get your thoughts across to the Jury; and you know, you . . . may not be able to assert other rights that you have unless you have the benefit of counsel." The trial court then concluded, "I'll let you represent yourself because you have that right . . . But I'm going to still ask Mr. Gonzalez to stand by to advise you and assist you."

At a subsequent January 25, 2007 hearing on his *pro se* discovery request, Fernandez was advised by the trial judge that, "[d]o you understand that if you don't reach an agreement with him [the prosecutor] with regard to this case that you are subject to a full trial and depending on what your subsequent history may be there are certain things that you will not be able to have the jury decide for you?" Fernandez replied, "[t]hat's fine, sir. It's a real simple case." The court then explained to Fernandez that defense counsel had been appointed to assist him, if needed, during his self-representation, even though Fernandez insisted that he did not need the assistance. The trial judge stressed to Fernandez that standby counsel was not representing him and that there was no attorney-client relationship between them. No other admonishments appear in the record.[4]

---

[4] At another pretrial hearing held on April 10, 2007, the prosecutor questioned Fernandez's competence to represent himself, and the trial court then inquired into Fernandez's understanding of the nature of the charge against him.

The record in this case does not affirmatively show that Fernandez was ever advised of his right to appointed counsel, or that he was sufficiently admonished of the dangers of self-representation, as required by *Faretta*. It is not clear from the record that Fernandez understood that, if he was indigent, he had a right to appointed counsel and he was never given that admonishment by the trial court. In fact, the record shows Fernandez's apparent misunderstanding, exacerbated by the trial court's use of the term "*pro bono*," that he might be entitled to have an attorney represent him who was working for "free," a concept he rejected. Moreover, the record does not show the trial court inquired into Fernandez's indigency when he informed the court that he could not afford to hire an attorney.[5] Based on the totality of the circumstances of this case, the record does not show that Fernandez's decision to waive counsel was an informed decision made knowingly and intelligently; therefore his waiver was not valid. *See Williams v. State*, 194 S.W.3d 568, 578-79 (Tex. App.—Houston [14th Dist.] 2006), *aff'd*, 252 S.W.3d 353 (Tex. Crim. App. 2008) (defendant's waiver of right to counsel was invalid where trial judge told her she had the "right" to an attorney, but never informed her of the right to appointed counsel if she was unable to hire an attorney, and never inquired into her possible indigence even though court was put on notice by her statement that she could not afford to hire an attorney). A defendant cannot be expected to assert, or intelligently waive, the right to appointed counsel if the defendant is unaware of the nature of the right. *See Williams*, 252 S.W.3d at 359; *see also Collier v. State*, 959 S.W.2d 621, 626 (Tex. Crim. App. 1997) (decision to waive right to counsel and proceed *pro se* is made "knowingly and intelligently" if it is

---

[5] The Honorable Manuel R. Flores presided over the June 22, 2006 and October 12, 2006 pretrial hearings discussed *supra*. Fernandez's request for self-representation therefore preceded the first participation in the case by the Honorable Jose A. López at the January 25, 2007 hearing, and the judge could have reasonably assumed that the full admonishments had previously been given to Fernandez.

made with a "full understanding of the right to counsel, which is being abandoned," as well as the dangers of self-representation).

Because Fernandez was not sufficiently admonished on his right to appointed counsel if indigent, his waiver of the right to counsel was invalid. *Williams*, 252 S.W.3d at 358-59 (invalid waiver of counsel waives nothing, and the right to counsel remains intact). Since the trial court allowed Fernandez to represent himself without a valid waiver of the right to counsel, he was denied his constitutional right to be represented by counsel during trial. *Id.* A complete denial of the constitutional right to trial counsel is a structural defect, and "prejudice is presumed because the trial has been rendered inherently unfair and unreliable." *Id.* at 357. Thus, it is reversible error, not subject to a harm analysis. *Id.* at 357-59; *see* TEX. R. APP. P. 44.2(a).

Accordingly, we reverse the trial court's judgment and remand for a new trial.

Phylis J. Speedlin, Justice

PUBLISH