

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00111-CR

_____

ACE LEE MONASCO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Upshur County, Texas
Trial Court No. 33,918

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In a jury trial, during which he represented himself, Ace Lee Monasco was convicted of criminal trespass and sentenced to serve 180 days in the Upshur County Jail. Although the trial court's judgment recited that Monasco, "after having been warned by the Court of the dangers and disadvantages of self-representation, intelligently and knowingly waived his right to have an attorney present," Monasco's sole point on appeal suggests the trial court failed to properly admonish him of said dangers and disadvantages of conducting a jury trial pro se. Because the record before us does not contain the required admonishments, given before Monasco undertook to represent himself—a point conceded by the State—we must reverse the trial court's judgment.

The right to be represented by counsel at a criminal trial is a fundamental right guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. U.S. CONST. amends. VI, XIV; *Faretta v. California*, 422 U.S. 806, 834–35 (1975); *Williams v. State*, 252 S.W.3d 353, 355 (Tex. Crim. App. 2008). The Sixth Amendment also contains the reciprocal right to self-representation, which does not attach until it is clearly and unequivocally invoked by the defendant. *Faretta*, 422 U.S. at 818–20; *Williams*, 252 S.W.3d at 356. When a defendant asserts the right to represent himself or herself, the trial court must admonish the defendant about the dangers and disadvantages of self-representation "so that the record will establish that he knows what he is doing and his choice is made with his eyes open." *Faretta*, 422 U.S. at 835; TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (Vernon Supp. 2010) (stating that the court "shall advise the

2

defendant of the nature of the charges . . . and, if the defendant is proceeding to trial, the dangers and disadvantages of self-representation").

A court's responsibility does not end when a defendant represents to the trial court he or she is informed of the right to counsel and desires to waive it. *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984). To decide whether a defendant's waiver is knowing and intelligent, the court must make an inquiry, evidenced by the record, that shows the defendant has sufficient intelligence to demonstrate a capacity to waive the right to counsel and the ability to appreciate the practical disadvantage the defendant will confront in self-representation. *Goffney v. State*, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992); *Geeslin v. State*, 600 S.W.2d 309, 313 (Tex. Crim. App. 1980). Although there is no formula for the required inquiry, "judges must take an active role in assessing the defendant's waiver of counsel." *Blankenship*, 673 S.W.2d at 583.

> To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments, thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which a plea is tendered.

*Id.* (quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723 (1948)). A trial court must inform a defendant desiring self-representation "that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his pro se rights." *Williams*, 252 S.W.3d at 356 (quoting *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App.

3

1988)).  Further, if the trial court determines a defendant's waiver of right to representation of counsel is voluntarily and intelligently made:

> the court shall provide the defendant with a statement substantially in the following form, which, if signed by the defendant, shall be filed with and become part of the record of the proceedings:
>
>> I have been advised this _____ day of _____, 2 ____, by the (name of court) Court of my right to representation by counsel in the case pending against me. I have been further advised that if I am unable to afford counsel, one will be appointed for me free of charge.  Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, I wish to waive that right and request the court to proceed with my case without an attorney being appointed for me.  I hereby waive my right to counsel.  (signature of defendant)

TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

Here, the trial court made the following statement in Monasco's presence during voir dire to the prospective jury panel:  "In this case, Mr. Mona[s]co would be representing himself pro se. That's the legal term for 'self.'  He represents himself without an attorney.  He understands that he has all the same—he has to live under all the same rules and obligations as if he were an attorney."  Before trial, the court reminded Monasco, "You've just got to understand that I can't help you legally.  I can't give you advice or tell you what to do . . . .  And so, I will just be ruling on the objections as they come as you make objections or as the State makes an objection."  It appears that Monasco may have been admonished at some point before voir dire; however, there is no record of the court's admonishment for this Court to evaluate.  Records of pretrial docket calls

4

indicate that Monasco planned on hiring an attorney. The court's written docket merely reflects one entry for the jury trial. Also, there is no Article 1.051(g) form demonstrating waiver of right to representation by counsel.

"Given the fundamental nature of the right to counsel, courts indulge every reasonable presumption against the validity of a waiver of counsel." *Fernandez v. State*, 283 S.W.3d 25, 28–29 (Tex. App.—San Antonio 2009, no pet.) (citing *Williams*, 252 S.W.3d at 356). Because the record does not contain a showing that Monasco was admonished about the dangers and disadvantages of self-representation before he undertook to represent himself, we must sustain his sole point of error.[1]

The error in this case was a constitutional error, which requires us to determine whether the error is subject to harmless error review. TEX. R. APP. P. 44.2(a). Structural errors are constitutional violations "affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991). The United States Supreme Court has determined these fundamental constitutional rights include the right to counsel. *Id.* at 309–10; *see also Williams*, 252 S.W.3d at 357 ("When the right to trial counsel has been violated, prejudice is presumed because the trial has been rendered inherently unfair and unreliable. So, although most constitutional errors are subject to a harm analysis, the complete denial of the right to counsel at trial is not. In accord with this principle, we have recognized that when the record does not affirmatively show that the defendant was sufficiently

---

[1]This Court contacted the trial court and thus confirmed that no additional record of pretrial proceedings exists.

admonished as required by *Faretta*, it is reversible error, not subject to a harm analysis."); *Manley v. State*, 23 S.W.3d 172, 175 (Tex. App.—Waco 2000, pet. ref'd).   Because proceeding to trial, without a knowing, intelligent, and voluntary waiver of counsel or the necessary admonishments against self-representation, is a structural error, it is not subject to a harm analysis.   TEX. R. APP. P. 44.2(a).

We, therefore, reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.


Josh R. Morriss, III
Chief Justice


Date Submitted:      October 19, 2010
Date Decided:        October 26, 2010

Do Not Publish