In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00111-CR

                                                ______________________________

 

 

                                      ACE LEE MONASCO,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                            On Appeal from the County Court at Law

                                                            Upshur County, Texas

                                                            Trial
Court No. 33,918

 

                                                                  
                                

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            In a jury
trial, during which he represented himself, Ace Lee Monasco was convicted of
criminal trespass and sentenced to serve 180 days in the Upshur County
Jail.  Although the trial court’s
judgment recited that Monasco, “after having been warned by the Court of the
dangers and disadvantages of self-representation, intelligently and knowingly
waived his right to have an attorney present,” Monasco’s sole point on appeal
suggests the trial court failed to properly admonish him of said dangers and
disadvantages of conducting a jury trial pro se.  Because the record before us does not contain
the required admonishments, given before Monasco undertook to represent
himself—a point conceded by the State—we must reverse the trial court’s
judgment. 

            The
right to be represented by counsel at a criminal trial is a fundamental right guaranteed
by the Sixth and Fourteenth Amendments to the United States Constitution.  U.S.
Const. amends. VI, XIV; Faretta v.
California, 422 U.S. 806, 834–35 (1975); Williams v. State, 252 S.W.3d 353, 355 (Tex. Crim. App. 2008). The
Sixth Amendment also contains the reciprocal right to self-representation,
which does not attach until it is clearly and unequivocably invoked by the
defendant.  Faretta, 422 U.S. at 818–20; Williams,
252 S.W.3d at 356.  When a defendant
asserts the right to represent himself or herself, the trial court must
admonish the defendant about the dangers and disadvantages of
self-representation “so that the record will establish that he knows what he is
doing and his choice is made with his eyes open.”  Faretta,
422 U.S. at 835; Tex. Code Crim. Proc.
Ann. art. 1.051(g) (Vernon Supp. 2010) (stating that the court “shall
advise the defendant of the nature of the charges . . . and, if the defendant
is proceeding to trial, the dangers and disadvantages of self-representation”).

            A court’s
responsibility does not end when a defendant represents to the trial court he
or she is informed of the right to counsel and desires to waive it.  Blankenship
v. State, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984).  To decide whether a defendant’s waiver is
knowing and intelligent, the court must make an inquiry, evidenced by the
record, that shows the defendant has sufficient intelligence to demonstrate a
capacity to waive the right to counsel and the ability to appreciate the practical
disadvantage the defendant will confront in self-representation.  Goffney
v. State, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992); Geeslin v. State, 600 S.W.2d 309, 313
(Tex. Crim. App. 1980).  Although there
is no formula for the required inquiry, “judges must take an active role in
assessing the defendant’s waiver of counsel.” 
Blankenship, 673 S.W.2d at 583.

To
be valid such waiver must be made with an apprehension of the nature of the
charges, the statutory offenses included within them, the range of allowable
punishments, thereunder, possible defenses to the charges and circumstances in
mitigation thereof, and all other facts essential to a broad understanding of
the whole matter. A judge can make certain that an accused’s professed waiver
of counsel is understandingly and wisely made only from a penetrating and
comprehensive examination of all the circumstances under which a plea is
tendered.

 

Id.  (quoting Von
Moltke v. Gillies, 332 U.S. 708, 723 (1948)).  A trial court must inform a defendant
desiring self-representation “that there are technical rules of evidence and
procedure, and he will not be granted any special consideration solely because
he asserted his pro se rights.” Williams,
252 S.W.3d at 356 (quoting Johnson v.
State, 760 S.W.2d 277, 279 (Tex.
Crim. App. 1988)).  Further, if the trial
court determines a defendant’s waiver of right to representation of counsel is
voluntarily and intelligently made:

the court shall provide the defendant
with a statement substantially in the following form, which, if signed by the
defendant, shall be filed with and become part of the record of the
proceedings:

 

I
have been advised this ______ day of __________, 2 ____, by the (name of court)
Court of my right to representation by counsel in the case pending against me.
I have been further advised that if I am unable to afford counsel, one will be
appointed for me free of charge.  Understanding
my right to have counsel appointed for me free of charge if I am not
financially able to employ counsel, I wish to waive that right and request the
court to proceed with my case without an attorney being appointed for me.  I hereby waive my right to counsel.  (signature of defendant)

 

Tex. Code Crim. Proc.
Ann. art. 1.051(g).

 

            Here, the
trial court made the following statement in Monasco’s presence during voir dire
to the prospective jury panel:  “In this
case, Mr. Mona[s]co would be representing himself pro se.  That’s the legal term for ‘self.’  He represents himself without an
attorney.  He understands that he has all
the same—he has to live under all the same rules and obligations as if he were
an attorney.”  Before trial, the court
reminded Monasco, “You’ve just got to understand that I can’t help you
legally.  I can’t give you advice or tell
you what to do . . . .  And so, I will
just be ruling on the objections as they come as you make objections or as the
State makes an objection.”  It appears
that Monasco may have been admonished at some point before voir dire; however,
there is no record of the court’s admonishment for this Court to evaluate.  Records of pretrial docket calls indicate
that Monasco planned on hiring an attorney. 
The court’s written docket merely reflects one entry for the jury
trial.  Also, there is no Article 1.051(g)
form demonstrating waiver of right to representation by counsel.

            “Given the
fundamental nature of the right to counsel, courts indulge every reasonable
presumption against the validity of a waiver of counsel.”  Fernandez
v. State, 283 S.W.3d 25, 28–29 (Tex. App.—San Antonio 2009, no pet.)
(citing Williams, 252 S.W.3d at 356).  Because
the record does not contain a showing that Monasco was admonished about the
dangers and disadvantages of self-representation before he undertook to
represent himself, we must sustain his sole point of error.[1]

            The error in
this case was a constitutional error, which requires us to determine whether
the error is subject to harmless error review. Tex. R. App. P. 44.2(a). Structural errors are constitutional
violations “affecting the framework within which the trial proceeds, rather
than simply an error in the trial process itself.”  Arizona
v. Fulminante, 499 U.S. 279, 310 (1991). 
The United States Supreme Court has determined these fundamental
constitutional rights include the right to counsel.  Id. at 309–10; see also Williams, 252 S.W.3d at 357 (“When the right to trial counsel has
been violated, prejudice is presumed because the trial has been rendered
inherently unfair and unreliable.  So,
although most constitutional errors are subject to a harm analysis, the
complete denial of the right to counsel at trial is not.  In accord with this principle, we have
recognized that when the record does not affirmatively show that the defendant
was sufficiently admonished as required by Faretta,
it is reversible error, not subject to a harm analysis.”); Manley v. State, 23 S.W.3d 172, 175 (Tex. App.—Waco 2000, pet. ref’d).
 Because proceeding to trial, without a
knowing, intelligent, and voluntary waiver of counsel or the necessary
admonishments against self-representation, is a structural error, it is not
subject to a harm analysis.  Tex. R. App. P. 44.2(a). 

            We,
therefore, reverse the judgment of the trial court and remand the cause for further
proceedings consistent with this opinion.

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          October
19, 2010

Date Decided:             October
26, 2010

 

Do Not Publish

 

 

 











[1]This
Court contacted the trial court and thus confirmed that no additional record of
pretrial proceedings exists.