Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

Nos. 04-11-00006-CR & No. 04-11-00007-CR

Anthony Roy **MICKENS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court At Law No. 2, Guadalupe County, Texas
Trial Court Nos. CCL-10-0543 & CCL-10-0544
Honorable Frank Follis, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:        Catherine Stone, Chief Justice
              Phylis J. Speedlin, Justice
              Marialyn Barnard, Justice

Delivered and Filed:   September 14, 2011

AFFIRMED

Appellant Anthony Roy Mickens' sole issue on appeal is that he did not knowingly and voluntarily waive his right to counsel. We affirm the trial court's judgments.

### BACKGROUND

Mickens was charged with the misdemeanor offenses of disorderly conduct by discharge/display of a firearm and unlawfully carrying a handgun (license holder) arising out of the same incident. *See* TEX. PENAL CODE ANN. §§ 42.01(a)(7),(8), (d), 46.02(a) (West 2011).

The cases were tried together. At arraignment, Mickens expressed his desire to represent himself, and signed a written waiver of the right to counsel and to a jury trial. At the bench trial, the State presented the testimony of two eyewitnesses who stated they felt threatened by Mickens' carrying of a handgun in a holster on the outside of his clothes as he walked his dog down the street and passed within two feet of them while looking back and forth from them to the handgun. In addition, the responding officer testified, and Mickens' concealed handgun license was admitted into evidence. Mickens did not cross-examine any of the State's witnesses, but the trial court asked some additional questions of the witnesses. Mickens raised no objections to the testimony or to the State's exhibits, and presented no defense witnesses or other evidence. After the trial court made its finding of guilt as to both offenses, Mickens expressed a desire to "make a statement." Mickens was allowed to testify that his gun was concealed while he was walking his dog near the complainants, and that he was innocent of the charges. Thereafter, the court reiterated its findings of guilt and ordered preparation of a presentence report.

At the original setting for the sentencing hearing, the trial court ordered a re-set pending completion of the presentence report and a competency examination which the court ordered on its own motion. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.005 (West 2006). After determining that Mickens was competent, the court proceeded with the sentencing hearing at the next setting. Mickens was provided with a copy of the presentence report; he did not make any objections or corrections. At the hearing, Mickens restated his innocence but did not present any punishment evidence. After hearing argument from the State, the court sentenced Mickens to one year of confinement in jail plus a $1,000 fine on the Class A Misdemeanor (unlawful carrying) and 180 days in jail plus a $1,000 fine on the Class B Misdemeanor (disorderly conduct).

Appellate counsel was appointed to represent Mickens on appeal. Defense counsel filed a motion for new trial seeking a new trial on punishment, asserting that Mickens' decision to represent himself led to the omission of available punishment evidence. At the motion for new trial hearing, the trial court permitted the punishment evidence to be developed. Mickens testified that he did not realize the importance of the presentence report or the importance of calling punishment witnesses who were available at the time. Mickens' father, son, and another character witness testified that he was not a threat and could successfully complete probation if given a chance. The trial court denied Mickens' motion for new trial after the hearing. Mickens now appeals.

### ANALYSIS

On appeal, Mickens claims his waiver of the right to counsel was not knowing and voluntary because the trial court failed to sufficiently admonish him of the dangers of self-representation and his right to appointed counsel. Specifically, Mickens complains that the court did not inquire into his indigent status and accepted his written waiver of counsel before giving the oral admonishments which were inadequate to establish that he understood the charges against him and the disadvantages of representing himself. Because of these defects, Mickens asserts his waiver of counsel is invalid and he requests a new trial.

A criminal defendant has the fundamental right to assistance of counsel. U.S. CONST. amends. VI, XIV; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.051(a) (West Supp. 2010); *Faretta v. California*, 422 U.S. 806, 807 (1975); *Williams v. State*, 252 S.W.3d 353, 355-56 (Tex. Crim. App. 2008). This right includes the right to appointed counsel if the defendant is indigent. TEX. CODE CRIM. PROC. ANN. art. 1.051(c) (West Supp. 2010); *Williams*, 252 S.W.3d at 356 (citing *Gideon v. Wainwright*, 372 U.S. 335, 340-45 (1963)). A defendant's

Sixth Amendment right to counsel also encompasses the right to self-representation. *Faretta*, 422 U.S. at 820; *Williams*, 252 S.W.3d at 356. A defendant's decision to represent himself and waive his right to counsel must be made (1) voluntarily, (2) competently, and (3) knowingly and intelligently. *Faretta*, 422 U.S. at 834-36; *Williams*, 252 S.W.3d at 356.

A defendant's decision to waive counsel is made voluntarily if it is uncoerced. *Collier v. State*, 959 S.W.2d 621, 626 (Tex. Crim. App. 1997) (citing *Godinez v. Moran*, 509 U.S. 389, 401 n.12 (1993)). Here, Mickens testified at the motion for new trial hearing that his decision to waive counsel was not coerced, and he does not assert otherwise on appeal; the record shows his waiver was voluntary. *Collier*, 959 S.W.2d at 626. The competence required for a valid waiver of the right to counsel is "the competence to *waive the right*, not the competence to represent himself." *Godinez*, 509 U.S. at 399. A defendant's "technical legal knowledge" is not relevant to his competence to waive counsel, and although a defendant "'may conduct his own defense ultimately to his own detriment, his choice must be honored.'" *Id.* at 400 (quoting *Faretta*, 422 U.S. at 834, 836). Here, the trial court ordered a competence examination of Mickens prior to sentencing on its own motion. Although the court did not expressly state on the record that it found Mickens to be competent to proceed, i.e., capable of understanding the proceedings, such a finding may be implied from the court's action in proceeding with the sentencing and from the record as a whole. *See Godinez*, 409 U.S. at 401 n.12. There is nothing in the record to suggest Mickens was not competent to waive his right to counsel and choose self-representation. *See id.* at 400. Further, Mickens makes no assertion on appeal that he was not competent to waive his right to counsel.

Mickens' challenge on appeal is more specifically directed to the issue of whether his waiver of counsel met the third requirement, i.e., it was made "knowingly and intelligently." A

defendant's decision to waive the right to counsel and represent himself is made knowingly and intelligently if it is made with "a full understanding of the right to counsel, which is being abandoned, as well as of the dangers and disadvantages of self-representation." *Collier*, 959 S.W.2d at 626 (citing *Faretta*, 422 U.S. at 834-36). A full understanding of the right to counsel includes the right to appointed counsel for indigent defendants, and the trial court has a duty to inquire, to the extent necessary under the circumstances of the case, whether the defendant desires and is eligible for appointment of an attorney. *Oliver v. State*, 872 S.W.2d 713, 715-16 (Tex. Crim. App. 1994); *Fernandez v. State*, 283 S.W.3d 25, 28 (Tex. App.—San Antonio 2009, no pet.). A defendant's invocation of the right to self-representation also triggers the trial court's duty to admonish the defendant about the "dangers and disadvantages of self-representation" if he proceeds to trial so the record will reflect that he "knows what he is doing and his choice is made with his eyes open." *Faretta*, 422 U.S. at 835; *Fernandez*, 283 S.W.3d at 28. The required admonishments include the nature of the charges against the defendant, and the warning that there are technical rules of evidence and procedure by which he must abide and that he will not receive special treatment simply because he is representing himself. TEX. CODE CRIM. PROC. ANN. art. 1.051(g); *Williams*, 252 S.W.3d at 356; *Fernandez*, 283 S.W.3d at 28. On the other hand, the trial court is not required to conduct "a formulaic inquiry into the defendant's age, education, background, and mental health history in every instance . . . ." *Fernandez*, 283 S.W.3d at 28 (citing *Goffney v. State*, 843 S.W.2d 583, 584-85 (Tex. Crim. App. 1992)). The record must reflect the proper admonishments concerning self-representation and "any necessary inquiries" to enable the trial court to assess whether the defendant's waiver of the right to counsel, whether retained or appointed, is made knowingly, intelligently, and voluntarily. *Fernandez*, 283 S.W.3d at 28 (defendant's mere assertion that he is aware of his right to counsel

and wants to waive it does not end trial court's inquiry). On review, we assess whether a waiver is effective by considering the totality of the circumstances, including the particular facts and circumstances surrounding the case and the defendant's background, experience, and conduct. *Williams*, 252 S.W.3d at 356; *Fernandez*, 283 S.W.3d at 28-29.

The record in this case shows that at Mickens' first court appearance for arraignment, the trial court informed him of the nature of the charged offenses, and stated, "You may hire an attorney of your own choice; if you can't afford an attorney, one can be appointed or you may represent yourself." At that time, Mickens, a 20-year veteran of the Air Force with an honorable discharge, affirmatively invoked his right to represent himself, stating "[t]hese are bogus charges" and "I'm going to represent myself." The trial court directed Mickens to obtain the waiver form from the court coordinator. After a recess, Mickens presented the court with the signed form waiving his right to counsel. The court inquired whether he did indeed want to waive his right to counsel, and when Mickens answered, "Yes sir," the court replied, "All right. I'll approve the waiver." Immediately thereafter, the court proceeded to admonish Mickens on the record that, while he had a right to represent himself at trial, "it is a difficult thing to represent yourself if you are not a lawyer." The court went on to admonish Mickens as follows:

> COURT:    If you are going to represent yourself, then you will be responsible for everything that a lawyer needs to do and to know and that means being familiar with the Rules of Criminal Procedure, familiar with the Penal Code, familiar with the Rules of Evidence. I cannot help you. I am a referee between the two sides and I cannot help you.
>
> DEFENDANT:    Yes, sir.
>
> COURT:    I cannot help the State's attorney. The State's attorney cannot advise you or help you. You understand that the State's attorney is not on your side?
>
> DEFENDANT:    Yes, sir.

COURT:      He's on the other side.  So, if you are going to represent yourself, you'll be responsible for knowing all of the rules just like an attorney would do.

DEFENDANT:      Uh-huh.

COURT:      You understand that?

DEFENDANT:      Yes, sir.

***

COURT:      I'm going to set the case for a pre-trial hearing.  In a pre-trial hearing is the place to dispose of matters that need to be taken up before trial: Such as, suppression of evidence that you believe was illegally obtained, suppression of statements or confessions that you believe were illegally obtained, other matters like that that need to be taken up before trial.  You must file any motions that you wish to be heard by the Court, at least, seven days before the hearing.

DEFENDANT:      Yes, sir.

COURT:      So, you'll get a date for a pre-trial hearing and then we will put on the docket for the next available date for a bench trial which will be before me.

DEFENDANT:      Yes, sir.

COURT:      On that date you will be responsible for being prepared to go to trial, for subpoenaing any witnesses that you wish to call . . . So with those understandings and agreements, do you understand all of that - -

DEFENDANT:      Yes, sir.

COURT:      All right, sir.  With those understandings, see the court coordinator....

Mickens complains that the court accepted his written waiver of the right to counsel before giving him the oral admonishments, and that the admonishments were inadequate.  First, we note the written waiver signed by Mickens substantially complies with the requirements of article 1.051(g) in that it recites he has been advised of his right to counsel, including his right to have counsel appointed if he is financially unable to employ counsel, and wishes to waive that

right and proceed without an attorney. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (West Supp. 2010). While the trial court initially stated it would "approve" Mickens' waiver upon receipt of the signed waiver form, it also periodically confirmed Mickens' understanding of the admonishments as it orally recited them on the record. Throughout its oral admonishments, the court confirmed that Mickens understood the warnings about the dangers and disadvantages of self-representation and still desired to represent himself at trial. Mickens' replies of "Yes, sir" sufficiently demonstrated his understanding of the admonishments. As noted, *supra*, the trial court is not required to delve into the defendant's age, education, background and experience in every case in order to validate a waiver of counsel; the degree of inquiry depends on the circumstances of the case. *Williams*, 252 S.W.3d at 356. The court's statement that it would "accept" the written waiver before giving the oral admonishments, when viewed in the context of the entire record, was not error because the court repeatedly confirmed Mickens' understanding of the admonishments and intent to waive counsel during and at the end of the oral admonishments.

In addition, Mickens complains that the trial court did not inquire into his age, education and income to determine whether he was indigent and entitled to appointed counsel. The written waiver form fully apprised Mickens of his right to have counsel appointed if he was financially unable to employ counsel; in addition, the trial court informed Mickens he had the right to appointed counsel at the beginning of the arraignment hearing. However, Mickens never stated any desire for counsel, whether retained or appointed; rather, he clearly and unequivocally stated he wanted to represent himself in the case because it was "bogus." Mickens never indicated that he wanted to but could not afford to hire an attorney, and never put the trial court on notice that he was indigent but wanted an attorney. *See Oliver*, 872 S.W.3d at 715 (right to have counsel

appointed is twofold, depending on defendant's indigence and his expression of a desire for counsel). Given Mickens' repeated assertions of his intent to represent himself because the charges were "bogus," not because he could not afford to hire an attorney, the court's failure to inquire into Mickens' financial status was not error. *Cf. Fernandez*, 283 S.W.3d at 30 (trial court failed to inquire into defendant's indigency after it was put on notice by defendant's statement that he wanted an attorney, but could not afford to hire an attorney).

Viewing the totality of the circumstances of the case, we conclude the record shows that Mickens was adequately admonished of his right to counsel, whether retained or appointed, and of the dangers and disadvantages of self-representation as required by *Faretta*, and that his waiver of the right to counsel was made voluntarily, competently, and knowingly and intelligently. *See Faretta*, 422 U.S. at 834-36; *see also Williams*, 252 S.W.3d at 356. Indeed, at his motion for new trial hearing, Mickens stated that he "made a mistake" when he chose to represent himself, not that he did not knowingly and voluntarily waive his right to counsel. Mickens conceded that he was informed of his right to counsel and admonished that he might be at a disadvantage if he waived that right, and that no one forced him to waive his right to an attorney. Just because a defendant's decision to represent himself ultimately proves to be unfortunate, that does not make his waiver of counsel invalid. *Godinez*, 509 U.S. at 400; *Faretta*, 422 U.S. at 834 (although defendant's self representation is ultimately to his own detriment, his choice to intelligently waive counsel must be honored); *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984).

Based on the foregoing reasons, we overrule Mickens' sole issue on appeal and affirm the trial court's judgments.

Phylis J. Speedlin, Justice

DO NOT PUBLISH