

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00188-CR

James **BURLEY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR8452
Honorable Sid L. Harle, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  January 22, 2014

AFFIRMED

The sole issue presented in this appeal is whether the trial court sufficiently admonished appellant, James Burley, regarding his right to counsel and the disadvantages and dangers of self-representation. We affirm the trial court's judgment.

### BACKGROUND

Burley was indicted for felony assault against a member of his family or household or a person with whom he had or has had a dating relationship, enhanced by a prior offense of assault of a public servant. Prior to trial, the trial court conducted a hearing on Burley's request to

represent himself. At the conclusion of the hearing, the trial court found that Burley "made the decision voluntarily to represent himself and is voluntarily exercising that constitutional right knowingly and intelligently."

During the trial, the State presented evidence to show that Burley beat his girlfriend, who was four months pregnant at the time, while Burley sought to establish that he was acting in self-defense and was not and had not dated the victim. A jury found Burley guilty of the offense. The jury also found the enhancement allegation to be true and assessed his punishment at eleven years in prison.

## RIGHT TO SELF-REPRESENTATION

Although the Sixth Amendment guarantees an indigent defendant the right to be represented by counsel at trial, it also "includes the reciprocal right to self-representation." *Williams v. State*, 252 S.W.3d 353, 355-56 (Tex. Crim. App. 2008); *see also Fernandez v. State*, 283 S.W.3d 25, 28 (Tex. App.—San Antonio 2009, no pet.). If a defendant clearly and unequivocally asserts his right to self-representation, "the trial court must admonish the defendant about the dangers and disadvantages of self-representation." *Fernandez*, 283 S.W.3d at 28; *see also Williams*, 252 S.W.2d at 356. In admonishing the defendant, the trial court must inform the defendant "'that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his *pro se* rights.'" *Williams*, 252 S.W.3d at 356 (quoting *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988)); *see also Franklin*, 283 S.W.3d at 28. Although a trial court is not required to inquire into the defendant's age, education, background, or prior mental health history in every instance, "the record must contain the proper admonishments concerning *pro se* representation and any necessary inquiries so that the trial court may assess the defendant's knowing exercise of the right to self-representation." *Franklin*, 283 S.W.3d at 28; *see also Williams*, 252 S.W.3d at 356.

Courts must "indulge every reasonable presumption against waiver" of the right to counsel, and the trial court must determine that "defendant's waiver is knowing, intelligent, and voluntary." *Williams*, 252 S.W.3d at 256 (internal citations omitted). In determining whether a waiver is effective, "courts consider the totality of the circumstances," including "the particular facts and circumstances surrounding [the] case [and] the background, experience, and conduct of the accused." *Id*.

## ANALYSIS

At the commencement of the pre-trial hearing, the trial judge confirmed that Burley was not seeking to represent himself based on his inability to afford a lawyer, informing Burley that an attorney had been appointed to represent him. Although not required, the trial judge inquired about Burley's age and his educational background. Burley informed the court that he was thirty-five years old and attended school for fourteen years, which included high school and some college. In response to the trial judge's inquiries about Burley's work experience and military service, Burley informed the court that he had taken vocational courses, was engaged in selling commercial real estate, and served three years in the military before being honorably discharged due to a disability. In response to additional questioning by the trial judge, Burley stated that he had never previously participated in a trial but had studied the law by researching on the internet. Burley further stated that he did not have any history of mental disorders or psychiatric treatment.

The trial judge then informed Burley of his right to have a lawyer represent him and to be appointed an attorney if he could not afford one. The trial judge confirmed that Burley understood that he was charged with family violence assault and with aggravated assault with a deadly weapon in a second case. The trial judge further confirmed that Burley understood the State had alleged a prior offense to enhance his punishment.

The trial judge commented that he wanted to make it very clear that he believed Burley was making a mistake. The trial judge stated that he had a few recent cases where he believed the defendants received a greater punishment than they would have received if they had been represented by an attorney. The trial judge further stated that Burley would be expected to comport himself as a lawyer, would be treated like a lawyer, and would not receive any special favors. The trial judge informed Burley that he would have to comply with the rules of evidence in introducing evidence and in objecting to evidence. Burley was further informed that he could waive jurisdictional defects and defects in the indictment if he failed to comply with the law in raising those types of issues. The trial judge stated, "You may be convicted although absolutely innocent because you may not know how to establish a defense or get it into evidence in front of a jury." Finally, the trial judge commented that Burley may not get a fair and impartial jury if he did not know "how to select a jury and the rules in that regard," "an incorrect charge might go to the jury" if Burley failed to properly object, and "the prosecutor might argue something incorrectly" which the jury would hear if Burley failed to properly object.

At the conclusion of these admonishments, the trial judge noted that appointed counsel had been representing Burley for some time, and asked his opinion. Appointed counsel stated that he believed Burley was competent. After finding Burley voluntarily, knowingly, and intelligently waived his right to counsel, the trial judge offered Burley the opportunity to have standby counsel sit with him. Burley declined this offer.

From the foregoing, the record affirmatively establishes that the trial judge informed Burley about his right to counsel and of the charges pending against him. The trial judge discouraged Burley from representing himself and gave examples of the dangers and disadvantages to such self-representation. The trial judge informed Burley about the rules of evidence and procedure that he would be required to follow in seeking to admit or exclude evidence

and in making objections to the jury charge and to the arguments made by the State. The trial judge further informed Burley that he would be held to the same standards as an attorney and would not receive any special favors. Although not required, the trial judge also inquired into Burley's educational background, his work experience, and his familiarity with the law. Having reviewed the record, we conclude that the trial judge sufficiently admonished Burley about the dangers and disadvantages of self-representation, and Burley knowingly and intelligently waived his right to counsel.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH