ACCEPTED
06-15-00131-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/15/2015 12:20:33 PM
DEBBIE AUTREY
CLERK

No. 06-15-00131-CR

In the

Court of Appeals

Of the Sixth Appellate District

Of the State of Texas

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/15/2015 12:20:33 PM
DEBBIE AUTREY
Clerk

_____


Melissa  Jean Pool

v.

The State of Texas

_____

Appeal from Cause No. 2015-0550-CR2

In the County Court at Law No. 2

Of McLennan County, Texas


_____

**Brief for Appellant**
_____


Christopher L. King
100 N. 6th St., Suite 902
Waco, TX 76701
SBN: 24088864
Telephone: 254-717-8600
Email: callahankinglaw.com
Attorney for Appellant

## IDENTITY OF PARTIES AND COUNSEL

**Appellant**
Melissa Jean Pool

    By:    Christopher L. King
                Callahan & King, P.L.L.C.
                100 N. 6th St., Suite 902
                Waco, TX 76701
                Telephone: 254-717-8600
                SBN: 24088864
                Email: callahankinglaw@gmail.com

**Appellee**
The State of Texas

    By:    Abel Reyna
                Criminal District Attorney, McLennan County
                219 N. 6th St., Suite 200
                Waco, TX 76701
                Telephone: 254-757-5084
                SBN: 24000087

**TABLE OF CONTENTS**

Identity of Parties and Counsel                                        i

Table of Contents                                                      ii

Index of Authorities                                                   iii

Preliminary Statement                                                  1

Point of Error No. 1                                                   2

    Statement of Facts                             2

    Summary of Argument                            2

    Argument                                       2

    Conclusion                                     6

Prayer for Relief                                                      6

**INDEX OF AUTHORITIES**

CASE LAW                                                                    *Page*

*Blankenship v. State*, 673 S.W.2d 578 (Tex. Crim. App. 1984)              2, 3

*Faretta v. California*, 422 U.S. 806 (1975)                               3

*Fernandez v. State*, 283 S.W.3d 25 (Tex. App.—San Antonio 2009, no        3, 4
pet).

*Goffney v. State*, 843 S.W.2d 583 (Tex. Crim. App. 1992)                  3, 6

*Grant v. State*, 255 S.W.3d 642 (Tex. App.—Beaumont 2007, no pet)         4

*Martin v. State*, 630 S.W.2d 952 (Tex. Crim. App. 1982)                   3


CONSTITUTIONS

Tex. Const. art. I, § 10.                                                   2

STATUTES

Tex. Code Crim. Proc. Ann. § 1.051.                                        2

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now Melissa Jean Pool, hereinafter referred to as appellant, and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure in support of his/her request for a new trial in appellate Cause No. 06-15-00131-CR.

## PRELIMINARY STATEMENT

On June 30, 2015, in the County Court at Law No. 2of McLennan County, the Honorable Thomas Bradley Cates presiding, the appellant was convicted by a jury of the offense of interference with public duties after a plea of not guilty. The punishment was assessed by the court at thirty days incarceration in the county jail. The prosecuting attorney was Mr. Aubrey Robertson and appellant appeared pro se. The trial court appointed Mr. Christopher L. King as stand-by counsel.

**Point of Error No. 1: The trial court erred by inadequately admonishing Defendant regarding self-representation on the record, and thus failed to ensure that Defendant's waiver of counsel was competently, knowingly, and voluntarily made**

I.      Statement of Facts

Defendant was present for several pre-trial hearings and throughout trial, but the reporter's record from these proceedings does not contain any significant admonishment related to the dangers of self-representation or inquiry into her capacity to represent herself. (R.R., Vol. II, p. 1; R.R. Supp., Vol. I, p. 1)

II.      Summary of argument

The record does not reflect that the trial court judge adequately admonished Defendant on the dangers of self-representation, and thus Defendant's waiver of counsel was not made knowingly and voluntarily. This violates Defendant's Sixth Amendment right to counsel. An objection to this error need not be raised at trial, and prejudice is presumed.

III.      Argument

The Sixth Amendment and Fourteenth Amendment to the United States Constitution guarantee the right to counsel to a person facing potential imprisonment in a criminal case. *Blankenship v. State*, 673 S.W.2d 578, 582 (Tex. Crim. App. 1984). The Texas state constitution guarantees the right to counsel. Tex. Const. art. I, § 10. The Texas Legislature has also provided a statutory right to counsel. Tex. Code Crim. Proc. Ann. § 1.051.

Criminal defendants also have a constitutional right to represent themselves without the assistance of counsel. *Blankenship*, 673 S.W.2d at 582. To invoke his right to self-representation a defendant "should be made aware of the dangers and disadvantages of self-representation." *Faretta v. California*, 422 U.S. 806, 835 (1975). The record must establish that "he knows what he is doing, and his choice is made with his eyes open." *Id.* The trial court is responsible for making sure that the record fully shows that the defendant's waiver of counsel is made with a clear understanding of the consequences of self-representation. *Martin v. State*, 630 S.W.2d 952, 954 n.4 (Tex. Crim. App. 1982).

While there is not a specific requirement that the trial court inquire into a defendant's age, education, background, or mental health history, "the *record must contain proper admonishments concerning pro se representation* and any necessary inquiries of the defendant so that the trial court may make an assessment of his knowing exercise of the right to defend himself." *Goffney v. State*, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992) (emphasis in original). Presuming waiver from a silent record is impermissible. *Id.* Indeed, "courts indulge every reasonable presumption against the validity of a waiver of counsel." *Fernandez v. State*, 283 S.W.3d 25, 28 (Tex. App.—San Antonio 2009, no pet). The admonishments should be given even if standby counsel is

appointed. *Grant v. State*, 255 S.W.3d 642, 647 (Tex. App.—Beaumont 2007, no pet).

Additionally, when a trial court fails to sufficiently admonish a defendant on the dangers of self-representation on the record, the defendant's waiver of counsel is invalid. *Fernandez*, 283 S.W.3d at 31. An invalid waiver results in a denial of the constitutional right to counsel. *Id.* Because this is a structural defect, prejudice is presumed, and this is reversible error not subject to a harm analysis. *Id.*

The record in this matter does not contain adequate admonishments regarding the dangers of self-representation. The clerk's record contains a written waiver of counsel form signed by the defendant on April 15, 2015. (C.R., Vol. I, p. 12) That document indicates that a hearing was held, but the reporter's record does not contain any information from that hearing. The reporter's record from the pre-trial hearing conducted on June 10, 2015 does not contain admonishments regarding the dangers of self-representation as required by *Faretta*. (R.R. Supp., Vol. I, p. 1)

Similarly, the final pre-trial hearing did not contain adequate admonishments either. The reporter's record from the pre-trial hearing conducted on June 25, 2015 indicates that the Assistant District Attorney (ADA) prosecuting the case did not believe that the defendant was "competent" to

represent herself at trial. (R.R., Vol. II, p. 11) The ADA specifically enumerated that he did not think the defendant even understood what she was charged with. (R.R., Vol. II, p. 11) During that hearing the defendant indicated that she wanted to attach a civil suit to the case. (R.R., Vol. II, p. 9) The Defendant indicated a lack of understanding of the case or the consequences of self-representation, and even the State's representative agreed. In response to this, the judge decided to appoint standby counsel and stated that it "is a dangerous practice" for a defendant to represent himself. (R.R., Vol. II, p. 13) The judge mentioned that loss of liberty could result from a conviction, (R.R., Vol. II, p. 14), but that is as close as he came to admonishing the defendant about the consequences of self-representation. The judge made no inquiry during this hearing into specific attributes of the defendant such as her education, background, or mental health history.

At no point in the records before the Court was the defendant made aware of the profound consequences of self-representation so that she could enter her trial with her "eyes open" as required by the Supreme Court in *Faretta*. In the record before this court, the trial court did not make any inquiry into the defendant's training, education, or experience with the legal system. In fact, the defendant's own conduct in trying to link a civil matter to this criminal case demonstrated her lack of understanding.

## IV. Conclusion

The court erred by not giving clear admonishments regarding the dangers of self-representation and ensuring that the defendant's waiver of counsel was made knowingly and voluntarily. This error was not cured by the last-minute appointment of standby counsel. As the Court of Criminal Appeals stated in *Goffney*, "The record must show, or there must be an allegation and evidence which must show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver." *Goffney*, 843 S.W.2d at 585.

## PRAYER FOR RELIEF

For the reasons herein alleged, the Appellant was denied a fair trial in this case, and the judgment and sentence should be set aside and Appellant granted a new trial.

Respectfully submitted,

___/s/ Christopher L King_____

**Christopher L King**
**Attorney for Appellant**
State Bar No. 24088864
One Liberty Place
100 N. 6th Street, Suite 902
Waco, Texas 76701
*Phone (254) 717-8600*
*Fax (254) 313-3200*
Email: callahankinglaw@gmail.com

I hereby certify that a true and correct copy of the above and foregoing document has been sent via Electronic Mail to Abel Reyna, Criminal District Attorney for McLennan County, on December 15, 2015.

_____/s/ Christopher L King_____

**Christopher L King**